| AOC-105          Doc. Code: CI | | Case No. | 15-CI-63 |
| Rev. 1-07 | | Court | ☑ Circuit ☐ District |
| Page 1 of 1 | | County | FRANKLIN |
| Commonwealth of Kentucky | | | |
| Court of Justice   www.courts.ky.gov | | | |
| CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | | |

**PLAINTIFF**

SALINAS, ET AL.

VS.

COMMONWEALTH OF KENTUCKY, ET AL

**DEFENDANT**

Service of Process Agent for Defendant:

FREDERICK KEHEN, MD
KENTUCKY STATE REFORMATORY
300 WEST HIGHWAY 146
LAGRANGE, KY 40032

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____11-14____, 2016                                    _____Amy Feldman_____ Clerk

By: _____ RS ___ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

Served by: _____

_____Title

Tendered        15-CI-00063    11/02/2016      Amy Feldman, Fran... .n Circuit Clerk

FILED

NOV 1 4 2016

FRANKLIN CIRCUIT COURT
AMY FELDMAN, CLERK

## COMMONWEALTH OF KENTUCKY
## FRANKLIN CIRCUIT COURT
## CASE NO. 15-CI-00063

[Filed Electronically]

BRIAN WOODCOCK, RUBEN RIOS        )
SALINAS, and KEATH BRAMBLETT,      )
individually and on behalf of all others   )
similarly situated,               )
                                  )
       **PLAINTIFFS**              )
                                  )
V.                                )
                                  )
COMMONWEALTH OF KENTUCKY (for      )
injunctive relief only),          )
                                  )
-and-                             )
                                  )
RODNEY BALLARD, individually      )
Serve: Office of the Commissioner  )
       Kentucky Department of Corrections  )
       275 East Main              )
       Frankfort, KY  40601-2321   )
                                  )
-and-                             )
                                  )
LADONNA THOMPSON, individually     )
Serve: Office of the Commissioner  )
       Kentucky Department of Corrections  )
       275 East Main              )
       Frankfort, KY  40601-2321   )
                                  )
-and-                             )
                                  )
DOUG CRALL, MD, individually      )
Serve: Kentucky Department of Corrections  )
       275 East Main              )
       Frankfort, KY  40601-2321   )
                                  )
-and-                             )
                                  )
COOKIE CREWS, individually        )
Serve: Kentucky Department of Corrections  )
       275 East Main              )

Presiding Judge: HON. PHILLIP J. SHEPHERD (646260)

TD : 000001 of 000019

Frankfort, KY  40601-2321                      )
                                               )
-and-                                          )
                                               )
FREDERICK KEMEN, MD, individually              )
Serve: Kentucky State Reformatory              )
        3001 West Highway 146                  )
        LaGrange, KY  40032                     )
                                               )
-and-                                          )
                                               )
CORRECT CARE SOLUTIONS, LLC                    )
Serve: Business Filings Incorporated           )
        306 West Main St., Suite 512            )
        Frankfort, KY 40601,                    )
                                               )
        DEFENDANTS.                             )

## FIRST AMENDED CLASS ACTION COMPLAINT

### I. Introduction

1.      The Hepatitis C virus – HCV -- poses an unreasonable and substantial risk of serious present and future medical and physical harm to those who are infected with it, and to the general public when infected inmates are released from prison. *Roe v. Elyea*, 631 F.3d 843 (7th Cir. 2011).

2.      Conscious delay, denial, or interference in medical treatment of HCV for non-medical reasons -- standing alone -- states a plausible claim against prison officials for deliberate indifference to the serious medical needs of a prisoner in violation of the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983. *Erickson v. Pardus*, 551 U.S. 89, 90 (2007).

3.      Plaintiffs are all inmates of the Kentucky Department of Corrections ("KDOC") who are infected with the Hepatitis C virus ("HCV"). Defendants have refused Plaintiffs' repeated requests to be treated commensurate with the standard of care, or delayed such

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

TD : 000002 of 000019

treatment, for non-medical reasons of administrative convenience or cost, which are not related to the individual medical needs of Plaintiffs.

4.      This is a class action that seeks injunctive relief where and as appropriate, and recovery of damages, under 42 U.S.C. §1983 and other applicable state claims, for Defendants' violation of the Eighth Amendment as a result of their deliberate indifference to the serious medical needs of Plaintiffs and all others similarly situated.

5.      HCV, if left untreated, may progress toward end-stage liver disease and death. Major advances in treatment have recently been made with the introduction of medication regimens having increasingly higher success rates, fewer side effects, and much shorter treatment durations. The Kentucky Department of Corrections ("KDOC") is currently preparing a new HCV treatment plan ("the New Plan").  However, even if the New Plan meets the prevailing standard of care, future developments in treatment are likely to render it obsolete, and it is anticipated that there will be inconsistencies, inaccuracies and unwarranted deviations in its implementation, particularly given the expense of new treatment regimens.  In addition, the New Plan is the first amendment to the KDOC's old HCV treatment plan ("the Old Plan") *since 2007*, and many members of the class may have been harmed by Defendants' failure to regularly and consistently update the plan to mirror the established standard of care.  Finally, there may be issues concerning the reliability of the testing to which HCV-infected inmates are subjected, raising questions as to the integrity of and motivations underlying, such testing.

6.      It is the purpose of this litigation not only to protect Plaintiffs and the class, but the general public into which Plaintiffs and members of the class will be released.

3

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

TD : 000003 of 000019

## II. Jurisdiction and Venue

7.      Plaintiffs and the class seek injunctive relief where and as appropriate, and damages under the Civil Rights Act of 1871, 42 U.S.C. § 1983, for Defendants' violations of the rights, privileges and immunities guaranteed Plaintiffs and the class by the Eighth Amendment to the U.S. Constitution. Plaintiffs and the class also seek damages for negligence, gross negligence, outrageous conduct, intentional infliction of emotional distress, and violations of applicable Kentucky regulations and KDOC policies.  Defendants are all domiciled in Franklin County, Kentucky, and venue is therefore proper in this Court.

## III. Parties

8.      Plaintiffs are all inmates of the KDOC who are infected with HCV.

9.      The Commonwealth of Kentucky, through its agency the KDOC, is the entity charged with the care and custody of Plaintiffs, and is sued for injunctive relief only.

10.      Rodney Ballard is presently Commissioner of the KDOC, and has ultimate responsibility for all operations of institutions within the KDOC, the promulgation, implementation and enforcement of all of the KDOC's policies, procedures, protocols, customs and practices, and the employment, training and supervision of employees of the KDOC.

11.      LaDonna Thompson was formerly, at times pertinent to this litigation, Commissioner of the KDOC, and she had ultimate responsibility for all operations of institutions within the KDOC, the promulgation, implementation and enforcement of all of the KDOC's policies, procedures, protocols, customs and practices, and the employment, training and supervision of employees of the KDOC.

12.      Doug Crall, MD, is, and has been at all times pertinent to this litigation, the Medical Director of the KDOC, and he has responsibility for all operations of institutions within

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

TD : 000004 of 000019

4

the KDOC, the promulgation, implementation and enforcement of all of the KDOC's policies, procedures, protocols, customs and practices, and the employment, training and supervision of employees of the KDOC, that concern inmates' medical care.

13.     Cookie Crews is, and has been at all times pertinent to this litigation, the Health Services Administrator of the KDOC, and she has responsibility for all operations of institutions within the KDOC, the promulgation, implementation and enforcement of all of the KDOC's policies, procedures, protocols, customs and practices, and the employment, training and supervision of employees of the KDOC, that concern the health services that are available to the KDOC's inmates.

14.     Frederick Kemen, MD, is, and has been at all times pertinent to this litigation, the person responsible for managing the KDOC's HCV treatment plan at all institutions within the KDOC, and as such, has responsibility for training on, and supervision and enforcement of both the Old and New Plans, and their satisfaction of the applicable standard of care.

15.     Defendant CorrectCare Solutions, Inc., for all periods relevant to this complaint beginning March 1, 2014: is registered with the Kentucky Secretary of State to do business in Kentucky; provided medical services to inmates of the KDOC; employed the medical professionals who dealt directly with Plaintiffs and the class and are therefore vicariously liable for the injuries caused by their wrongful conduct in the course and scope of their employment under the doctrine of *respondeat superior*; were responsible for the health, welfare, and medical needs of Plaintiffs and the class, for complying with their reasonable medical requests, and for seeing that they were treated commensurate with the prevailing standard of care; and were responsible for training and supervising the medical professionals in their employ to insure that they properly attended to the medical needs of Plaintiffs and the class.

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

TD : 000005 of 000019

5

16.     Plaintiff's assertion of liability against the individual Defendants identified above is based upon their failure to employ qualified individuals for positions of responsibility (or to terminate individuals upon demonstration of their lack of qualifications), their failure to promulgate, implement and enforce policies, procedures, protocols, customs and practices for the care of inmates with HCV in the KDOC's institutions, their failure to properly train and supervise the employees for whom they were responsible, and their personal participation in the failure to properly treat inmates with HCV, and to implement, update and enforce the HCV plan to maintain its compliance with the prevailing standard of care.

### IV.  Class Action Allegations

17.     This is a class action under Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

18.     Plaintiffs are representatives of a class composed of all prisoners in the custody of the KDOC who have been diagnosed as having HCV.

19.     Because the prevalence of HCV is estimated to be anywhere from 9.6% to 41.1% of the prison population nationally, membership in the class among the KDOC's total inmate population of 21,833 individuals (as of November 6, 2015) is probably between 2,000 and 9,000 individuals, and the class is therefore so numerous that joinder of all members is impracticable.

20.     Plaintiffs' claims involve common questions of law and fact that are typical of the claims of the class as a whole. The claims concern Defendants' protocol and practice for treating HCV, which is applicable to all prisoners with HCV. Common questions include (1) whether Defendants have been deliberately indifferent to the serious medical needs of Plaintiffs and the members of the class; (2) whether Defendants have failed and refused to provide the necessary staging of HCV patients in accordance with the prevailing standard of care, including the

6

Tendered          15-CI-00063    11/02/2016          Amy Feldman, Fran....n Circuit Clerk

pretreatment testing and specialist consults that are needed to determine the severity of the disease and the need for treatment; (3) whether Defendants have failed and refused to provide treatment for Plaintiffs and the members of the class with the newest, most effective medications for HCV in accordance with the prevailing standard of care; and (4) whether Defendants' failure to provide treatment to Plaintiffs and the class in accordance with the prevailing standard of care for treatment of HCV has caused them compensable injury.

21.     Each day treatment is postponed, the likelihoods of cirrhosis of the liver, liver cancer, a liver transplant, and death from HCV grow for each member of the Class, as does the likelihood of infection for those with whom they come in contact in KDOC facilities and for members of the general public after they are released.

22.     These common questions predominate over any questions affecting only individual class members. Defendants have acted and refused to act on grounds generally applicable to the class so that final declaratory and injunctive relief would be appropriate to the class as a whole.

23.     Plaintiffs have a strong personal interest in the outcome of this litigation, and they are represented by competent, class-action experienced counsel who will adequately and fairly protect the interests of the class.

24.     A class action is superior to any other available method for a fair and efficient adjudication of this controversy. Separate actions by individual members of the class would create a risk of inconsistent or differing adjudications and delay the ultimate resolution of the issues at stake.

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

TD : 000007 of 000019

7

Tendered          15-CI-00063      11/02/2016      Amy Feldman, Fran...n Circuit Clerk

## V. Facts

### a. HCV Defined

25.    Hepatitis C is a blood borne disease caused by the Hepatitis C virus ("HCV"). The virus brings about inflammation that damages liver cells. It is a leading cause of liver disease and liver transplants.

26.    There are several different genotypes of HCV, with subtypes. Genotype 1 is the most common type of HCV in the United States.

27.    Approximately 80% of people who become infected with the HCV virus will develop chronic HCV.

28.    Chronic HCV patients develop fibrosis (liver scarring), which can worsen liver function until the patient develops cirrhosis. Ultimately, patients may end up with end-stage liver disease, cancer, or other serious illnesses. Some patients will need a liver transplant, and others will die.

29.    HCV is transmitted by infected blood. Methods of transmission include: (a) physical activity in sports, (b) tattooing, (c) use of a needle not properly cleaned and sterilized, (d) exposure to an infected person's blood in the course of medical care, (e) barber and cosmetology care, (f) sexual activity, (g) sharing of eating utensils and food, (h) sharing razors or other personal grooming supplies, (i) sharing bathrooms or shower facilities, (j) sharing living quarters, or (k) physical violence between inmates or involving staff.

30.    It is widely accepted that the number of reported cases of HCV nationwide understates its actual prevalence. In 2000, the United States Surgeon General called HCV a "silent epidemic," and estimated that as much as two percent of the adult U.S. population had HCV.

8

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

TD : 000008 of 000019

31.     The last decade has seen a spike in reported cases of HCV among young people. This increase in new cases of HCV is largely attributable to the increase in opioid addiction and the resulting use of intravenous drugs.

32.     The incidence of HCV is not diminishing, and its effects are worsening. In 2011, the CDC reported that HCV had overtaken HIV as a cause of death.

### b. HCV in Prison

33.     The prevalence of HCV in prison is higher than in the general population. It is estimated to be anywhere from 9.6% to 41.1% of the prison population nationally.

34.     In 1997, according to one study, 29% to 43% of all people infected with HCV in the United States passed through a correctional facility.  Combatting HCV demands effective response in the correctional setting, particularly in states with serious intravenous drug problems like Kentucky.

### c. History of HCV Treatment

35.     Treatment exists for chronic HCV. The available treatments have changed over time.

36.     In 1991, a drug called Interferon was approved to be used alone. Seven years later, the FDA approved the use of Ribavirin alongside Interferon, and in 2001, Ribavirin was paired with Pegylated Interferon. This regimen was referred to as combination therapy.

37.     The standard of care after 2001 was to treat Genotypes 2 or 3 with combination therapy, and to treat Genotype 1 with combination therapy if the patient had reached a certain stage of liver damage, typically measured by a liver biopsy. If, after treatment, the virus was not suppressed, or if it was suppressed during treatment but later returned, there was no other treatment available for the so-called nonresponder or relapser.

9

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

TD : 000009 of 000019

38.     2011 saw the FDA approval of two protease inhibitors that produced better results when either one was taken with combination therapy, especially for Genotype 1 (SVR of 60-80%).

39.     In 2013 and 2014, the FDA approved more new antiviral medications. These medications can now be taken as part of an Interferon-free regimen. The change is dramatic; the worst side effects are avoided. The regimen is a much shorter duration – 12 weeks for some, 24 weeks for others. Best of all, the success rate for these regimens is better than combination or triple therapy – well over 90%, including for nonresponders and relapsers.

40.     In October 2013, the Food and Drug Administration's (FDA's) announcement of new "breakthrough" direct-acting antiviral (DAA) drugs to cure HCV caused the American Association for the Study of Liver Disease (AASLD) and the Infectious Disease Society of America (IDSA), the two relevant professional medical associations concerned with the treatment and cure of HCV, to convene the AASLD/IDSA "HCV Guidance Panel." Thirty national experts, including gastroenterologists and hepatologists with experience in treating HCV, comprise the HCV Guidance Panel.

41.     The AASLD/IDSA adopted the "breakthrough" drug 12-week daily oral medication protocol with the 95% cure rate, as the HCV medical treatment community medical standard of care in January 2014, consistent with the medical treatment community standard of medical care definition of *U.S. v. Kubrick*, 444 U.S. 111 (1979).

42.     By June 2014, the Federal Bureau of Prisons (FBOP), the Center for Disease Control, the United States Public Health Service, the FDA, and the United States Department of Veterans Affairs had all recognized the changed standard of care for HCV patients in their

10

approval and implementation of one-pill-per-day, 12-week protocols for the treatment of HCV patients.

43.     In October 2014, the FDA approved more advanced HCV breakthrough DAA drugs that cure at a 95% rate, and eliminate Interferon injections completely – Harvoni and Viekira-Pak. On June 29, 2015, the AASLD/IDSA updated the HCV standard of care, which now requires that treatment providers eliminate Interferon in any form as a recommended treatment for HCV. Only the October 2014 non-Interferon "breakthrough" DAA drugs, Harvoni and Viekira-Pak, now meet the undisputed community standard of care for all HCV treatment providers.

44.     Current AASLD/IDSA standard-of-care also requires that HCV treatment providers treat all HCV-infected patients as soon as possible with the most-recently approved DAA drugs to remove the HCV infection, no matter what the level of infection. Chemical dependency testing and treatment are not relevant, nor is a correction facility's claim of lack of resources to justify treating some more severely symptomatic patients, and not others.

45.     As of June 29, 2015, all HCV treatment providers are professionally obligated to prescribe non-Interferon DAA drugs (currently Harvoni or Viekira-Pak) to any HCV patient, with recommended treatment to begin immediately at any level of infection, no matter how recent or low the level of infection. This is the case for all treatment providers irrespective of their employment situation.

46.     The standard of care evolved to include so-called triple therapy – one of the two protease inhibitors, taken with Interferon and Ribavirin – for Genotype 1 patients. Triple therapy was effective on nonresponders and relapsers, giving them a new option and potential cure.

47.     The duration of treatment with triple therapy remained the same as with

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

TD : 000011 of 000019

11

Tendered        15-CI-00063    11/02/2016        Amy Feldman, Franklin Circuit Clerk

combination therapy, as did the side effects. The expense increased because of the additional medication.

48.    There have also been changes in how the disease is monitored. To measure fibrosis, providers now generally forego a liver biopsy in favor of non-invasive tests. Blood tests can offer an accurate assessment of liver fibrosis, and these tests can be coupled with certain types of scanning if desired.

49.    These new developments in staging the disease, and treating it, have eliminated the barriers to a cure.

### d. History of HCV Treatment in the KDOC

50.    The KDOC's Old HCV Plan was developed in 2007 by state officials in response to litigation by prisoners complaining of their HCV treatment. *See Paulley v. Chandler,* No. 3:99-CV-00549, 2000 WL 33975579, at *1 (W.D. Ky. 2000). When a prisoner was diagnosed with HCV, the Old Plan laid out the procedure for treating and controlling the disease.

51.    Even though the Old Plan required compliance with the prevailing standard of care, and despite the advances in HCV treatment over the last decade, it has not yet been updated. The Old Plan made no mention of the triple therapy treatment that had been the standard of care since 2011. Without policy and procedure guidance, testing and treatment of HCV by the KDOC has been ad hoc, arbitrary and capricious, and responsive to cost and administrative convenience, not the medical needs of Plaintiffs and the class. Moreover, since around July 2014, other than the most serious cases of HCV in the KDOC's institutions, *no one* with HCV was treated pending developments in HCV treatment options. Defendant Kemen testified in August 2014 that the KDOC was in "the earlier stages of … revising or maybe replacing the [HCV] algorithm now." But the New Plan is

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

TD : 000012 of 000019

12

still in development. Whether the New Plan meets the applicable standard of care is currently the subject of litigation in *Woodcock v. Kentucky Dept. of Corrections, et al.*, Case No. 5:12-cv-135 (W.D.Ky.). Whether the New Plan will be followed and implemented in all deserving cases, together with the damages incurred from the delay in its implementation, is the subject of this case.

### e. The Named Plaintiffs

### i. Brian Woodcock

52.     Mr. Woodcock is an inmate at the Kentucky State Penitentiary ("KSP"). A biopsy of Mr. Woodcock's liver in December 2011 showed that the fibrosis in his liver – an indication of the severity of his condition -- had progressed from Stage 1 to Stage 2. For that reason, no less an authority than Dr. Steven Shedlofsky, the creator and then-director of the Old Plan, found that Mr. Woodcock qualified for antiviral prescription medication under the provisions of the Old Plan. However, after the KDOC terminated its association with Dr. Shedlofsky, a dispute arose over whether Mr. Woodcock qualified for treatment under the Old Plan and, if so, the appropriate treatment for his condition.

53.     It was not until almost four years after filing a *pro se* lawsuit in federal court (*Woodcock v. Kentucky Dept. of Corrections, et al.*, Case No. 5:12-cv-135 (W.D.Ky.)) that Mr. Woodcock began receiving treatment for his condition, but not before his infection had progressed almost to Stage 4 cirrhosis. His request for leave to amend his complaint in that case to assert a claim for actual damages resulting from the delay in his treatment was recently denied.

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

TD : 000013 of 000019

13

### ii. Ruben Rios Salinas

54.     Mr. Salinas is an HCV-infected inmate at the Kentucky State Penitentiary ("KSP").

55.     Mr. Salinas has been denied testing and treatment of his chronic HCV infection. On October 26, 2011, Mr. Salinas was told that he would receive the new HCV "triple-therapy" once it became available to the KDOC.  When, on February 27, 2015, Mr. Salinas filed a "Petition for Mandamus" that initiated this litigation, in order to obtain testing and treatment for his condition, his petition was met by Defendants not with testing and treatment, but with a motion to dismiss his petition to this Court for relief.

### iii. Keath Bramblett

56.     Mr. Bramblett is an inmate at KSR, who acquired his HCV as a consequence of one of the infection-control positions he has held during his incarceration.  Mr. Bramblett's ALT/AST levels – a measure of the severity of his infection – are high, 295 and 245 respectively.  As a consequence, he has been denied participation in any educational or reentry programming involving working with food.

57.     Mr. Bramblett has been denied any treatment for his condition.  However, when the electric razor he had been prescribed for his own personal use due to his HCV condition ceased working, KSR's administration rejected doctor's orders that he be provided another one, and have required him to use "community" razors that are shared by other inmates.

## VI.  Causes of Action

### Count 1:  Violation of Eighth and Fourteenth Amendments to U.S. Constitution

58.     Paragraphs 1-57 above are incorporated herein by reference and made this Paragraph 58.

14

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

TD : 000014 of 000019

Tendered        15-CI-00063    11/02/2016        Amy Feldman, Fran....n Circuit Clerk

59.    Plaintiffs and the class have HCV, an obviously serious medical need.  Instead of receiving effective treatment for their condition, compliant with the standard of care, they have either been denied any treatment, and/or have had their treatment interrupted by its inept implementation, and/or have been required to engage in practices that are entirely inconsistent with treatment and may actually be hastening a spread of the infection.  Defendants' conduct that directly or indirectly contributed to a worsening of the condition of Plaintiffs and any member of the class was intentional, reckless, deliberate, wanton and/or malicious, and was indicative of their total, deliberate and reckless disregard of and indifference to the lives and constitutional rights of Plaintiffs and the class.

60.    Plaintiffs believe and, after reasonable discovery, will show that their treatment by Defendants was not unusual, but was part of a continuing policy, procedure, protocol, custom and/or practice of Defendants of willfully and deliberately ignoring the medical needs of inmates with HCV, and/or leaving their fates in the hands of correctional and medical employees that were ill-trained and ill-supervised, and that had long demonstrated their lack of qualifications to responsibly discharge their duties.  Such conduct is the result of policies, procedures, protocols, customs and/or practices of Defendants, either written or unwritten, which are systematically applied to all persons who are diagnosed with HCV while incarcerated in KDOC institutions.  Such practices constitute an arbitrary use of government power, and evince a total, intentional, deliberate and unreasonable disregard for and indifference to the lives and constitutional and common law rights of Plaintiffs and the class, and the wholesale violations of those rights likely to result from the regular and systematic pursuit of such policies, procedures, protocols, customs and/or practices.

15

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

TD : 000015 of 000019

61.    As a result of the foregoing, Plaintiffs and the class, through Defendants' deliberately indifferent -- if not reckless, intentional and/or malicious -- conduct, were subjected to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §1983.

### Count 2:  Violation of the Rehabilitation Act of 1978, 29 U.S.C. §§791-794a and the Americans With Disabilities Act, 42 U.S.C. §§12131-32.

62.    Paragraphs 1-61 above are incorporated herein by reference and made this Paragraph 62.

63.    Plaintiffs and the class are handicapped individuals with a disability, specifically, their HCV infection, a physical impairment that substantially affects the major life activities of digestive systems, circulatory systems, and life itself.

64.    Defendants have failed and refused to reasonably accommodate the handicaps and disabilities of Plaintiffs and the class, so as not to exclude them from participation in, or deny them the benefits of, the federally-funded services, programs, or activities of the KDOC, and by failing to provide treatment compliant with the standard of care.

### Count 3:  Negligence/Gross Negligence

65.    Paragraphs 1-64 above are incorporated herein by reference and made this Paragraph 65.

66.    By virtue of the foregoing, all Defendants were negligent and grossly negligent in their treatment of Plaintiffs and the class; in addition, the medical professionals responsible for the care of Plaintiffs and the class failed to meet the standard of care applicable to their professions in their treatment of Plaintiffs and the class.

16

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

TD : 000016 of 000019

### Count 4:  Intentional Infliction of Emotional Distress/Outrage

67.     Paragraphs 1-66 above are incorporated herein by reference and made this Paragraph 67.

68.     Defendants' intentional treatment of Plaintiffs and the class caused extreme mental and emotional distress that cannot be compensated by any other cause of action in this Complaint, and was so beyond the bounds of human decency that it exemplifies the tort of outrage.

### VII.  Injunctive Relief

69.     Paragraphs 1-68 above are incorporated herein by reference and made this Paragraph 69.

70.     Plaintiffs and the class reserve their right to pursue injunctive relief in the event Defendants fail to properly implement the New Plan as to all deserving class members.

### VIII.  Damages

71.     Paragraphs 1-70 above are incorporated herein by reference and made this Paragraph 71.

72.     The injuries suffered by Plaintiffs and the class was unnecessary and preventable. Lack of monitoring and treatment of HCV-infected inmates commensurate with the standard of care is inexcusable.  A delay in treatment can increase susceptibility to liver cancer, shorten life expectancy, and increase future medical monitoring and treatment costs.  As a consequence, Plaintiffs and the class are entitled to recover actual damages to compensate them for (a) any loss of their power to labor and earn money, (b) their past and future mental and physical pain and suffering, and (c) any future medical and medication expenses they must bear as a result of Defendants' misconduct. In addition, Defendants' violations of the constitutional and common

17

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

TD : 000017 of 000019

Tendered        15-CI-00063    11/02/2016        Amy Feldman, Franklin Circuit Clerk

law rights of Plaintiffs and the class were cruel, malicious, and evinced a total and reckless

disregard for their lives and rights, warranting an award of punitive damages from Defendants in

order to deter such conduct in the future.

**WHEREFORE**, Plaintiffs and the class request certification of the class defined above,

injunctive relief as and where appropriate, and that they be awarded: (a) actual damages for (i)

their lost power to labor and earn money, (ii) their past and future mental and physical pain and

suffering, and (iii) any future medical and medication expenses they must bear as a result of

Defendants' misconduct; (b) punitive damages; (c) costs; (d) attorneys' fees pursuant to 42

U.S.C. §1988; (e) pre- and post-judgment interest on all sums awarded; and (f) all other relief to

which they are entitled under law or in equity.

Respectfully submitted,

/s/ Gregory A. Belzley
Gregory A. Belzley
gbelzley@aol.com
Camille A. Bathurst
camillebathurst@aol.com
BelzleyBathurst Attorneys
P.O. Box 278
Prospect, KY 40059
502/292-2452

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was
emailed, this 2nd day of November, 2016, to:

Lainie Crouch Kaiser
Assistant Attorney General
700 Capital Avenue, Suite 118
Frankfort, KY 40601

18

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

TD : 000018 of 000019

Linda M. Keeton
Department of Corrections Office of Legal Services
P.O. Box 2400
Frankfort, KY  40602

*Counsel for Defendants*

/s/ Gregory A. Belzley
Gregory A. Belzley

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

TD : 000019 of 000019

19



| AOC-S-105  Sum Code: CI<br>Rev. 7-99<br><br>Commonwealth of Kentucky<br>Court of Justice<br>CR 4.02; Cr Official Form 1 | <br>Civil Summons | Case Number **15-CI-00063**<br>Court  CI<br>County  FRANKLIN | *Justice* |

*Plantiff,* SALINAS, RUBEN RIOS  VS. KENTUCKY DEPARTMENT OF CORRECTIONS,, *Defendant*

COMMONWEALTH OF KENTUCKY,
ATTORNEY GENERAL
1024 CAPITAL CENTER DR
FRANKFORT          KY     40601

**RECEIVED**

**MAR 0 5 2015**

**OFFICE OF LEGAL SERVICES**

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgement by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, SALLY JUMP

By _____ , DC

Date: 02/27/2015

---

**Proof of Service**

[  ]  This Summons was served by delivering a true copy and the Complaint (or other initiating document)
        To:  _____

[  ]  Not Served because: _____

Date: _____ , 2 ___        _____
                                                            Served by

---

CI     15-CI-00063

SALINAS, RUBEN RIOS  VS. KENTUCKY DEPARTMENT OF CORRECTIONS,



| AOC-S-105 Sum Code: CI<br>Rev. 7-99<br><br>Commonwealth of Kentucky<br>Court of Justice<br>CR 4.02; Cr Official Form 1 | <br>**Civil Summons** | Case Number **15-CI-00063**<br>Court CI<br>County **FRANKLIN** |
| --- | --- | --- |

*Plantiff,* SALINAS, RUBEN RIOS VS. KENTUCKY DEPARTMENT OF CORRECTIONS,, *Defendant*

THOMPSON, LADONNA
PO BOX 2400
FRANKFORT                    KY      40602

**RECEIVED**

**MAR 0 5 2015**

**OFFICE OF LEGAL SERVICES**

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons. Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgement by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, SALLY JUMP

By _____ , DC

Date: 02/27/2015

---

**Proof of Service**

[ ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
    To: _____

[ ] Not Served because: _____

Date: _____ , 2____ .          _____
                                                    Served by

---

CI    15-CI-00063
SALINAS, RUBEN RIOS VS. KENTUCKY DEPARTMENT OF CORRECTIONS,



| AOC-S-105   Sum Code: CI<br>Rev. 7-99<br><br>Commonwealth of Kentucky<br>Court of Justice<br>CR 4.02; Cr Official Form 1 | <br>Civil Summons | Case Number **15-CI-00063**<br>Court **CI**<br>County **FRANKLIN** |
| --- | --- | --- |

*Plantiff*, SALINAS, RUBEN RIOS  VS. KENTUCKY DEPARTMENT OF CORRECTIONS,, *Defendant*

KENTUCKY DEPARTMENT OF CORRECTIONS,
PO BOX 2400
FRANKFORT        KY   40602

**RECEIVED**
MAR 0 3 2015
OFFENDER INFORMATION SVCS.

**The Commonwealth of Kentucky to the above-named Defendant(s):**

**You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons. Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgement by default may be taken against you for the relief demanded in the attached complaint.**

**The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.**

Circuit/District Clerk, SALLY JUMP

By _____ , DC

Date: 02/27/2015

---

**Proof of Service**

[   ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
    To: _____

[   ] Not Served because: _____

Date: _____, 2_____.       _____
                                        Served by



RECEIVED
MAR 2 3 2015
Department of Corrections
Office of Legal Services

CI    15-CI-00063
SALINAS, RUBEN RIOS  VS. KENTUCKY DEPARTMENT OF CORRECTIONS,



COMMONWEALTH OF KENTUCKY
Franklin Circuit Court
First Division
Civil Action No. 15-CI-00065

RECEIVED

APR 1 0 2015

Department of Corrections
Office of Legal Services

Ruben Rios Salinas                          Petitioner

V.              Reply To Response

Kentucky Department of
Corrections; LaDonna Thompson.
and The Commonwealth of Kentucky;
The Real Party of Interest              Respondents

----------------------------------------

The Petitioner comes now before the Court

with Reply to the Kentucky Department of Corrections

(D.O.C.) 'Motion TO Dismiss' of 20 March 2015.

Salinas herewith exercises the Right to seek

Extraordinary Relief from this Court for his stated

Claim.

Whereas the DOC seeks to delay matters to

evade performing its duty. In their Statement of

Facts they reveal Salinas' Hepatitis-C (chronic)

infection; in the Issues Presented section of

their Motion To Dismiss they reiterate the DOC's

Policy (C.P.P.) 13.2, II(1,2,3): providing 'Access To Health

Care Services;' That; for the Prevention of Death, Disease,

and Permanent Disability; and KRS 222.421 that

states, "Persons infected with Hepatitis C shall have

priority access to any licensed treatment services."

The DOC's Argument offers discussion

through the case cite Goldstein v. Feeley, 299

S.W.3d 549 at 552 to substantiate whether

this Court is either acting outside of its

jurisdiction and/or erroneously in granting

the Writ of Mandamus. In the end they con-

cede to the Discretion of the Court to direct

an action. Salinas counters with Breeden v.

Commonwealth, 290 S.W.3d at 691 which says

2.

3.

there is no Kentucky case on point; and cited People v. Soena, 276 N.W. 2d 892, which found that the Michigan D.O.C. was not providing psychiatric treatment; and, "... the appropriate remedy would be a complaint for a writ of madamus to the Department of Corrections to enforce its duty under the statute..." The matter before this Court is supported by statute and policy to enforce relief.

The rest of Argument reveals two opposing positions that cannot be logically or legally supported or defended. A fictional contrast occurs with the D.O.C. telling this Court that a separateness exists between them and their medical provider, after first

4.

advocating their singular role in the developement of "the HCV treatment protocol," as if no con- tract exists between them. This fiction they express denies the Petitioner medical treatment: see Exhibits: D&E which illustrate the 3-years of delay to develope a "protocol."

Therefore, this Court has subject matter juris- diction to command the State Administrative Agency (D.O.C.), by the issue of the Writ of Mandamus, to perform its duty as a matter of merit, not as a matter of course or of right. Salinas does not ask the Court for a specified treatment, only for the DOC's

proxy medical provider to give medical pharmaceutical treatment for Hepatitis-C to him. This requested relief is essential to benefit the Petitioner, the ends of justice and society.

Respectfully submitted,

Ruben R. Salinas, pro se
266 Water St. K.S.P. Eddyville KY 42038

## Notice

The original of the foregoing Reply to the D.O.C was mailed postage prepaid 1st-class US Mail to the Clerk of the Franklin Circuit Court 222 St. Clair St., Frankfort KY. 40601, on this 8th day of April 2015.

## Certification of Service

This certifies that a true copy of the foregoing Reply was mailed 1-class U.S. Mail to Atty. Linda M. Keeton, D.O.C. Counsel, Office of Legal Services, P.O.B. 2400, Frankfort Ky 40602-2400, on this 8th day of April 2015

Ruben R. Salinas, pro se

# EXHIBITS

## Hiland, Chanin (DOC)

**From:** Crall, Doug (DOC)
**Sent:** Tuesday, March 27, 2012 10:42 AM
**To:** Hiland, Chanin (DOC)
**Subject:** RE: hep c

I will get a new EKG machine for KSP.  I expect to start HCV treatment with the new meds soon.  The FBOP just started and published their protocol.  I have been awaiting an arrangement with UK to work out HCV telemedicine clinics but they do not seem to have their act together.  They have been promising us that they will be ready soon for ~ one year.

**From:** Hiland, Chanin (DOC)
**Sent:** Tuesday, March 27, 2012 8:18 AM
**To:** Crall, Doug (DOC)
**Subject:** hep c

Do you know when we will be getting the third drug for treatment? Some inmates have been waiting for 3-4 months.
Also, I have mentioned this before, but our EKG does not work well. It sometimes takes 4-5 tries to even get all the leads to print. There is no interpretation and almost every time we have to reinstall the program. We can send them out, but we need a working EKG at KSP.

**Chanin Hiland, APRN**
**KSP Hospital Administrator**

*Exhibit 'D'*

## Kentucky Department of Corrections

Kentucky State Penitentiary
P.O. Box 5128
Eddyville, KY 42038
Lyon county
Phone: 270-388-2211

Patient:    **Ruben Salinas**                                    Age: 60
           **KY DoC ID 189441**
Allergies:    **NKDA**
           **No Known Environmental Allergies**
           **No Known Food Allergies**

**Incivek [telaprevir] tablet 325 mg oral**
*SIG 1:* Take 2 tablet(s) oral Three times daily for 12 Weeks

**Discontinue: Non-Formulary - Rejected**

*D/C Reason:* **No approved protocol for use of protease inhibitors in DOC**

Date: 02/19/13 12:38

Electronically signed by:                        Robert Wilkinson, APRN (KSP-GRCC-WKCC)

he contents of this document are confidential and restricted to authorized personnel of the Kentucky Department of Corrections.

Exhibit 'E'

COMMONWEALTH OF KENTUCKY
FRANKLIN CIRCUIT COURT
DIVISION I
CIVIL ACTION NO. 15-CI-00063

RUBEN RIOS SALINAS, #189441                               PETITIONER

v.                        RESPONSE AND MOTION TO DISMISS

KENTUCKY DEPARTMENT OF CORRECTIONS;
LaDONNA THOMPSON and THE COMMONWEALTH
OF KENTUCKY; THE REAL PARTY OF INTEREST                    RESPONDENTS

      COME NOW the Respondents, by counsel, and in response to the above-styled Petition for Mandamus ("Petition"), move to dismiss Petitioner's action pursuant to CR 12.02 as the Petitioner has failed to state a claim upon which relief can be granted. In response to the Petition and in support of the Motion to Dismiss, Respondents hereby state as follows:

### STATEMENT OF FACTS

      Petitioner is currently a Kentucky Department of Corrections (hereinafter, "DOC") inmate incarcerated in the Kentucky State Penitentiary (henceforth, "KSP"). He has a diagnosis of Hepatitis C. Treatment for Hepatitis C has improved dramatically in recent months; as a result DOC is revising protocol to reflect the changes.

### ISSUES PRESENTED

      Petitioner seeks a Writ of Mandamus to compel DOC to perform "the ministerial duties pursuant to Corrections Policy and Procedures 13.2 IIA and KRS 222.421 (1)." Petitioner fails to mention the illness or treatment sought in the body of his Petition; however, he includes several attachments pertaining to Hepatitis C.

## REQUESTED RELIEF

Petitioner asks the Court to issue the Writ of Mandamus "to acquit him of the much denied medical treatment by the State." Respondent asks the Court to dismiss the Petition.

## ARGUMENT

A Writ of Mandamus is not a remedy available to Petitioner against the Kentucky Department of Corrections in this instance. The Court may grant a writ of mandamus or prohibition upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise, and great injustice and irreparable injury will result if the petition is not granted." *Goldstein v. Feeley,* 299 S.W.3d 549, 552 (Ky.2009) (quoting *Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky.2004)); *Mahoney v. McDonald–Burkman,* 320 S.W.3d 75, 77 (Ky.2010).

Petitioner has failed to show that he is entitled to a writ in this instance. According to the documents attached to the Petition, Inmate Salinas filed a medical grievance requesting a liver biopsy, as per the DOC guidelines regarding Hepatitis C (hereinafter, "HCV"), and was advised on September 19, 2014 that he could see a provider about being scheduled for the procedure. The significant changes in treatment for HCV required the Department to change HCV treatment protocol. Further, medical treatment for an inmate is prescribed by medical personnel, not by an administrative body of the Department of Corrections; therefore, a writ is not the proper remedy in this case.

2

## CONCLUSION

WHEREFORE, based on the foregoing, Respondents respectfully request this Court to deny the relief requested and dismiss the above styled action.

Respectfully submitted,

LINDA M. KEETON
DEPARTMENT OF CORRECTIONS
Office of Legal Services
P.O. Box 2400
Frankfort, KY 40602-2400
Phone: (502) 564-4726 Ext. 2338
Fax: (502) 564-5037
E-Mail: lindam.keeton@ky.gov
COUNSEL FOR RESPONDENTS

## NOTICE

The motion to dismiss contained herein will come on for hearing at the convenience of the Court and if the Court does not desire a hearing the Respondents herein request that the Court take this matter under submission for a decision without oral argument.

## CERTIFICATION

I hereby certify that on March 20, 2015, this document was filed with the Court. I further certify that I mailed this document first class, postage prepaid to the following:

Ruben Rios Salinas, #189441
Kentucky State Penitentiary
266 Water Street
Eddyville, KY 42038

COUNSEL FOR RESPONDENTS

3

COMMONWEALTH OF KENTUCKY
FRANKLIN CIRCUIT COURT
DIVISION 1
CIVIL ACTION NO. 15-CI-00063

RUBEN RIOS SALINAS,                                          Petitioner

v.

KENTUCKY DEPARTMENT OF CORRECTIONS
LADONNA THOMPSON                                    Respondents
and THE COMMONWEALTH OF KENTUCKY

_____

## DEFENDANT'S MOTION TO DISMISS

## NOTICE-MOTION

_____

## NOTICE

Please take notice that the Commonwealth of Kentucky by and through counsel, shall come on for hearing at the convenience of the Court.  If the Court does not desire a hearing, the Defendant herein requests that the Court take this matter under submission for a decision without oral argument.

## MOTION TO DISMISS

The Defendant, the Commonwealth of Kentucky (hereinafter "the Commonwealth"), moves this Court for an Order dismissing it, with prejudice, from the above-styled matter on the grounds that the Commonwealth is a sovereign entity and not an official who can perform ministerial acts; therefore, it is not a proper party to a Petition for Mandamus.  To the extent that Petitioner has articulated a cause of action, a writ of mandamus is not an available remedy because Petitioner cannot show he meets the requirements for a writ to be issued.  For these

reasons the matter must be dismissed. The Commonwealth provides the following Memorandum

in Support of its Motion to Dismiss.

Respectfully submitted,

Lainie Crouch Kaiser (KBA # 96068)
Assistant Attorney General
Office of Civil & Environmental Law
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, KY 40601
(502) 696-5300
(502) 564-2894 (Fax)
*Counsel for the Defendant, Commonwealth
of Kentucky*

2

## CERTIFICATE OF SERVICE

I hereby certify that the a true copy of the foregoing Notice and Motion to Dismiss was mailed via regular U.S. Mail postage prepaid, on this the 24 day of March, 2015 to the below listed individuals.

Ruben Rios Salinas
#189441 KSP 6-L-16
266 Water Street
Eddyville, Kentucky  42038

Linda M. Keeton, Esq.
Department of Corrections
Office of Legal Services
P.O. Box 2400
Frankfort, Kentucky 40602-2400

LaDonna Thompson
P.O. Box 2400
Frankfort, Kentucky  40602

Lainie Crouch Kaiser
*Counsel for Defendant, Commonwealth of Kentucky*

3

COMMONWEALTH OF KENTUCKY
FRANKLIN CIRCUIT COURT
DIVISION 1
CIVIL ACTION NO. 15-CI-00063

RUBEN RIOS SALINAS,                                                    Petitioner

v.

KENTUCKY DEPARTMENT OF CORRECTIONS
LADONNA THOMPSON                                                    Respondents
and THE COMMONWEALTH OF KENTUCKY


DEFENDANT'S MOTION TO DISMISS

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Comes now the Defendant, the Commonwealth of Kentucky (hereinafter "the Commonwealth") by and through counsel, and in support of its Motion to Dismiss the Complaint of the Plaintiff, Ruben Rios Salinas (hereinafter "Plaintiff" or "Salinas"), states as follows:

FACTUAL SUMMARY

Ruben Rios Salinas is an inmate in custody at the Kentucky State Penitentiary.  On August 26, 2014, Ruben Rios Salinas submitted a Department of Corrections Inmate Grievance Form (attached hereto as "Exhibit A") which complained that he had not received the liver biopsy he believes he needs to monitor his "chronic HCV infection".  On September 17, 2014, a R. Reynolds, RN filled out the Informal Resolution Stage portion of the Inmate Grievance Form stating that Salinas' medical record had been reviewed and a that he was eligible for another liver biopsy, would be scheduled for one, and treatment options would be discussed at a follow-up

1

visit.  On September 22, 2014, Salinas signed the same grievance form stating that he was not satisfied with the informal resolution.  Three days later, the Healthcare Grievance Committee provided comments on the "Attachment III Healthcare" form (attached hereto as "Exhibit B") indicating that they reviewed the complaint and spoke with Salinas' provider about "monitoring process changes."  On September 29, 2014, Plaintiff signed the same form indicating that he wished to appeal the Health Care Grievance Committee's recommendation for Administrator Review.  This same form contains a notation from the Medical Director, dated October 14, 2014 stating that the "KYDOC HCV protocol is being revised to reflect the significant changes in the field." He also states that Salinas will be evaluated by the updated guidelines.  Progress Notes (attached hereto as "Exhibit C") signed by Mark Stiles, RN, state that Salinas was counseled on the use of "HCV Triple Therapy" and that he would receive the therapy when it became available to the Department of Corrections.

Then, on February 27, 2015, a Petition for Mandamus was filed in Franklin Circuit Court naming the Commonwealth of Kentucky as Respondent, in addition to the Department of Corrections and LaDonna Thompson.

## ARGUMENT

As a threshold matter, it is unclear whether the Petitioner intended to sue the Commonwealth of Kentucky as a separate party in this Petition for Mandamus, however, the Commonwealth is not a proper party as it cannot provide the relief which Petitioner seeks. Furthermore, a writ of mandamus is not an available remedy to Mr. Salinas regarding his complaint.

Relief through a writ of mandamus is an extraordinary remedy which compels the performance of a ministerial act or mandatory duty where there is a clear legal right or no adequate remedy at law. (*County of Harlan v. Appalachian Regional Healthcare, Inc.*, 85 S.W.3d 607, 613 (Ky. 2002). Mandamus compels the performance of a ministerial act or duty only by an official. *Id.* The Court has broad discretion in the issuance of a writ (*see Chamblee v. Rose*, 249 S.W.2d 775, 776 (1952) (explaining that a Court does not have to be "limited by set rules" and may issue a writ whether or not there is an appeal); however, the official performing the ministerial act cannot exercise his own discretion (*see County of Harlan*, 85 S.W.3d at 612-613) (describing a ministerial act as one where "the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion"). Mandamus will be permitted where a statute imposes on a public official a specific duty which he fails or refuses to perform because of an erroneous conclusion by him as to his responsibilities. *Id.* In this situation, Mr. Salinas has incorrectly included the Commonwealth of Kentucky in his Petition because the Commonwealth is a sovereign entity and not an official who is capable of performing a specific act. The Commonwealth is not a proper party and must be dismissed from this matter.

Furthermore, a writ of mandamus is not an available remedy to Mr. Salinas. A writ of mandamus should be issued cautiously and conservatively to prevent short-circuiting the normal appellate procedures and to limit the possible interference of the proper and efficient operation of the circuit court. *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961). Mandamus is only an available remedy when a Petitioner can show that the ordinary remedies of trial and appeal are inadequate. *Cavender v. Miller*, 984 S.W.2d 848, 849 (Ky. 1998). If a Petitioner would have an

3

adequate remedy by appeal but would suffer a great injustice and irreparable injury if the Petition for Mandamus is not granted, then it may also be an available remedy. *Bender*, 343 S.W.2d at 801; *Hodge v. Coleman*, 244 S.W.3d 102, 108 (Ky. 2008).

In this case, Mr. Salinas is an inmate who resides in the Kentucky State Penitentiary. His Petition appears to appeal an administrative decision provided by the Medical Director at the facility and is submitted to the Court as a Petition for Mandamus. Assuming, for argument's sake, that the Court will consider granting a Petition for Mandamus directed at the Commonwealth, (which we do not believe is permissible because the Commonwealth is not an official who may perform ministerial acts); Mr. Salinas can neither show that ordinary remedies of trial and appeal are inadequate nor that he will suffer a great injustice and irreparable injury if the writ is not granted.

A petition for declaratory judgment pursuant to KRS §418.040 is an available remedy for an inmate who has a dispute with the Department of Corrections. *Smith v. O'Dea,* 939 S.W.2d 353, 355 (Ky. Ct. App. 1997). Mr. Salinas has not filed such a petition, rather he filed a petition for the extraordinary writ of mandamus. Petitioner does not provide any reasons why the ordinary remedies of trial and appeal are inadequate; therefore his request for mandamus must be dismiss.

Alternatively, Mr. Salinas is unable to show that granting this writ will prevent the Commonwealth from causing him to suffer a great injustice and irreparable injury. The purpose of the writ is to correct specific action by an official. *County of Harlan*, 85 S.W.3d at 612-613. The Commonwealth is not a public official, it is a sovereign entity. A sovereign entity cannot perform or abstain from a specific duty or ministerial act; public officials who reside in the

Commonwealth are able to do so but not the Commonwealth itself. Consequently, even if the writ was granted, the Commonwealth could not participate in the corrective action necessary to comply with the writ. This request for mandamus must be dismissed because Petitioner cannot show he will suffer a great injustice and irreparable injury by the Commonwealth's actions.

Mr. Salinas' request does not to warrant the extraordinary remedy of a writ of mandamus, and this Court can and should deny the Petition. Even if Petitioner accomplishes the difficult task of making one of these two alternative showings, whether to grant the writ is still discretionary. *Cox v. Braden*, 266 S.W.3d 792, 797 (Ky. 2008). However, this Petition does not fall within the very limited exception wherein the showing of irreparable harm is not an absolute prerequisite for the issuance of the writ since there is no evidence that a substantial miscarriage of justice will result requiring a correction that is necessary and appropriate in the interest of orderly judicial administration. *Id.*

Accordingly, the Commonwealth respectfully requests that it be dismissed from this matter.

## CONCLUSION

The Commonwealth of Kentucky is a sovereign entity and unable to perform ministerial acts as an official, therefore it is not a proper party to a Petition for Mandamus. Furthermore, to the extent Petitioner has articulated a cause of action, a writ of mandamus is not an available or appropriate remedy and the matter must be dismissed.

WHEREFORE, the Defendant, Commonwealth of Kentucky, respectfully requests that the claims against it be dismissed.

5

Respectfully submitted,

JACK CONWAY
ATTORNEY GENERAL

Lainie Crouch Kaiser (KBA # 96068)
Assistant Attorney General
Office of Civil & Environmental Law
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, KY 40601
(502) 696-5300
(502) 564-2894 (Fax)
*Counsel for Defendant, Commonwealth of Kentucky*

## CERTIFICATE OF SERVICE

I hereby certify that the a true copy of the foregoing Motion to Dismiss was mailed via regular U.S. Mail, postage prepaid, on this the 24 day of March, 2015 to the below listed individuals.

Ruben Rios Salinas
#189441 KSP 6-L-16
266 Water Street
Eddyville, Kentucky 42038

Linda M. Keeton, Esq.
Department of Corrections
Office of Legal Services
P.O. Box 2400
Frankfort, Kentucky 40602-2400

LaDonna Thompson
P.O. Box 2400
Frankfort, Kentucky 40602

Lainie Crouch Kaiser
*Counsel for Defendant, Commonwealth of Kentucky*

7

OT FILED WITH LRC
Rev. 1/04

Attachment II
CPP 14.6

## DEPARTMENT OF CORRECTIONS
## INMATE GRIEVANCE FORM

NAME Ruben R. Salinas

INSTITUTION Kentucky State Penitentiary

INSTITUTIONAL NUMBER 189441

GRIEVANCE NUMBER 14-08-007-H

UNIT/HOUSING ASSIGNMENT 6-L-16

DATE RECEIVED 8.26.14

BRIEF STATEMENT OF THE PROBLEM

a liver biopsy request to monitor my chronic HCV infection on the three (3) year anniversary was denied by Dr. Lester Lewis at an appointment August 22, 2014. the initial biopsy revealed mild to moderate portal & lobular fibrosis + necrosis of my liver. And now my ALT levels average (May, June, August) are 12 points above #.7) August 2012 levels, which indicates liver decompensation — which in turn is well established knowledge that the Active HCV disease can quickly damage the liver. The lack of monitoring my HCV infection amounts to deprived indifference of medical negligence, in opposition to KRS. 222.421 which mandates priority access to treatment "and the DOC's HCV Management Plan.

ACTION REQUESTED

a Liver Biopsy, and more bloodwork to monitor this disease to lead to treatment!

GRIEVANT'S SIGNATURE          26 Aug 2014          GRIEVANCE AIDE'S SIGNATURE / DATE
                              DATE

### INFORMAL RESOLUTION STAGE

your medical record has been reviewed, and because your last liver biopsy was three years ago, you are eligible for another liver biopsy this month. You will be scheduled to see the provider about being scheduled for this biopsy. Once the biopsy is completed and results are received, you will see the provider again to discuss treatment options if treatment is indicated. Reynolds, RN 9/17/14

STAFF SIGNATURE     HSA     DATE          GRIEVANCE AIDE'S SIGNATURE / DATE

I am ___ or am not ✓ satisfied with this informal resolution to my grievance. (You have 5 working days to forward this form to the Grievance Coordinator to request a hearing.)

GRIEVANT'S SIGNATURE          22 Sept. 2014
                              DATE

EXHIBIT
A

Rev. 3/2006 Attachment III Healthcare                                        CPP 14.6

## HEALTH CARE GRIEVANCE COMMITTEE

| Salinas, Ruben | 189441 | 14-08-007H | 9/25/2014 |
|---|---|---|---|
| Offender Name | Offender Number | Grievance Number | Date |

**FINDINGS AND RECOMMENDATIONS:**

The Healthcare Grievance Committee has reviewed your complaint and your medical record.

You spoke with the provider on 9/19/14 and discussed the monitoring process changes.

Health Services Division / Health Care Grievance Committee Members:

Cookie Crews, Health Services Administrator

Brenda Beahler RN, BSN, Nurse Executive

Rhonda Coleman RN, BSN, Quality Assurance Coordinator

( ) I AM SATISFIED WITH THE RECOMMENDATION
OF THE GRIEVANCE COMMITTEE
(X) I WISH TO APPEAL THIS RECOMMENDATION FOR
ADMINISTRATOR REVIEW ( You have 3 working
days to forward this form to the Grievance Coordinator)

_29 September, 2014_

GRIEVANT'S SIGNATURE / DATE
ADMINISTRATIVE REVIEW
REVIEW AND DECISION          DATE OF DECISION   10/24/14

_The KYDOC HCV protocol is being revised to reflect the significant changes in the field. You will be evaluated by updated guidelines._

Medical Director

KSP.
9/25/14

EXHIBIT
3

Kentucky Department of Corrections

Salinas, Ruben
KY DoC ID 189441
2/28/1952 (60) M Hispanic
Kentucky State Penitentiary

Nursing: HCV Clinic - 10/26/11 06:38
**PROGRESS NOTES:**

*Notes:*

Inmate to infirmary for counseling related to current HCV Status. Informed inmate of the results of IL28B lab testing and that he qualified for HCV Triple Therapy and would be added to the list of inmates that would recieve this when the regimen becomes available to the DOC. Inmate verbalizes understanding, and additional HCV information was given to inmate for his review and informed to return to medical if he had any questions or concerns r/t to this.

Cosigned Electronically by Steven Shedlofsky, MD (UK Med.Ctr.) on 10/26/11 16:33 (requested by Mark Stiles, RN (KSP) on 10/26/11 06:43)

Signed Electronically by Mark Stiles, RN (KSP) on 10/26/11 06:42

*The contents of this document are confidential and restricted to authorized personnel of the Kentucky Department of Corrections.*


EXHIBIT
C

COMMONWEALTH OF KENTUCKY
FRANKLIN CIRCUIT COURT
DIVISION 1
CIVIL ACTION NO. 15-CI-00063

RUBEN RIOS SALINAS,                                            Petitioner

v.

KENTUCKY DEPARTMENT OF CORRECTIONS
LADONNA THOMPSON                                              Respondents
and THE COMMONWEALTH OF KENTUCKY

### ORDER

Motion to Dismiss, having been made by the Defendant, Commonwealth of Kentucky, and the Court being sufficiently advised in the above-styled matter, it is ordered that

1. Defendant, the Commonwealth of Kentucky, is not a proper party to this action and as such the claims against the Commonwealth are **DISMISSED with prejudice.**

2. Petitioner, Ruben Rios Salinas, cannot show that ordinary remedies of trial and appeal are inadequate or that he will suffer a great injustice and irreparable injury if a Writ of Mandamus is not granted; as such the claims against the Defendant, Commonwealth of Kentucky, are hereby **DISMISSED with prejudice;**

_____

Hon. Phillip J. Shepherd
Judge, Franklin Circuit Court
Date:_____

DISTRIBUTION:

Ruben Rios Salinas
#189441 KSP 6-L-16
266 Water Street
Eddyville, Kentucky  42038


Linda M. Keeton, Esq.
Department of Corrections
Office of Legal Services
P.O. Box 2400
Frankfort, Kentucky 40602-2400


LaDonna Thompson
P.O. Box 2400
Frankfort, Kentucky  40602


Lainie Crouch Kaiser
Assistant Attorney General
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, KY 40601



COMMONWEALTH OF KENTUCKY
FRANKLIN CIRCUIT COURT
DIVISION I
CIVIL ACTION No. 15-CI-63

RUBEN RIOS SALINAS                                              PETITIONER

vs.                                    ORDER

KENTUCKY DEPARTMENT OF CORRECTIONS
LADONNA THOMPSON
and the COMMONWEALTH OF KENTUCKY                    RESPONDENTS

This matter is before the Court upon Respondent's *Motion to Dismiss* Petitioner's *Declaration of Rights*. Upon review of the parties' briefs and papers, the Court further **ORDERS** the Respondent, Department of Corrections, to file a supplemental brief within ten (10) days regarding the Petitioner's complaint and response from the grievance committee. The brief should include the most current information as to the Petitioner's medical treatment in regards to a liver biopsy and drug viral therapy treatment that the Petitioner requested. Finally, additional briefing should be included on the general medical procedures of the Department of Corrections with regard to inmates living with Hepatitis C.

SO ORDERED, this ___15___ day of June, 2015.

PHILLIP J. SHEPHERD
Judge, Franklin Circuit Court

*1 of 2*

DISTRIBUTION

**Linda M. Keeton**
Department of Corrections
Office of Legal Services
P.O. Box 2400
Frankfort, Kentucky 40602

**Laine Crouch Kaiser**
Assistant Attorney General
Office of Civil and Environmental Law
Office of Attorney General
700 Capital Avenue, Suite 118
Frankfort, KY 40601

**LaDonna Thompson**
Commissioner, Dept. of Corrections
P.O. Box 2400
Frankfort, KY 40602

**Ruben Rios Salinas**
#189441 KSP 6-L-16
266 Water Street
Eddyville, KY 42038

Sally Jump, Franklin County Circuit Court Clerk

COMMONWEALTH OF KENTUCKY
FRANKLIN CIRCUIT COURT
DIVISION I
CIVIL ACTION NO. 15-CI-00063

RUBEN RIOS SALINAS, #189441                          PETITIONER

v.          RESPONSE TO THE COURT'S JUNE 15, 2015 ORDER

KENTUCKY DEPARTMENT OF CORRECTIONS;
LaDONNA THOMPSON and THE COMMONWEALTH
OF KENTUCKY; THE REAL PARTY OF INTEREST          RESPONDENTS

---

COME NOW Respondents, The Kentucky Department of Corrections (hereinafter, "DOC") and DOC Commissioner, LaDonna Thompson, by counsel, and in response to the Court's order in the above-styled case, state as follows:

## INTRODUCTION

Petitioner, Inmate Ruben Salinas, filed a Petition for Mandamus ("Petition") in Franklin Circuit Court on February 27, 2015. These Respondents filed a Response and Motion to Dismiss Petitioner's action pursuant to CR 12.02, because Petitioner failed to state a claim for which relief can be granted and a Writ of Mandamus was not the appropriate remedy for his complaint. The Court issued an order on June 15, 2015[1], for DOC to "file a supplemental brief within ten (10) days regarding Petitioner's complaint and response from the grievance committee." Further, DOC is to: 1) include information regarding Petitioner's requested liver biopsy and drug viral therapy; and, 2) include general medical procedures with regard to inmates living with Hepatitis C (Respondents' Exhibit 1, Court's Order).

## STATEMENT OF FACTS

Petitioner is currently a Kentucky Department of Corrections (hereinafter, "DOC") inmate incarcerated in the Kentucky State Penitentiary (henceforth, "KSP"). In his pleading and

---

[1] DOC received the order on June 17, 2015.

attachments, Petitioner addresses his concern that treatment for Hepatitis C has not commenced

for him yet and that he did not receive a liver biopsy in September 2014, despite his request for

the procedure.

### 1.   Petitioner's request for liver biopsy and drug viral therapy:

Petitioner exhausted the administrative process available to him in this matter. He

appealed the response to his grievance about the lack of treatment for his Hepatitis C to the DOC

Medical Director at that time: Dr. Douglas Crall.   Petitioner was seen by his provider, on

September 19, 2014 regarding a liver biopsy.  Petitioner's provider found that Petitioner was

clinically stable; and, that Petitioner was informed about the "continued evolution of therapies

and the changing criteria for evaluation and treatment." (Exhibit 2, Salinas Medical Record,

September 19, 2014).  In his response to Petitioner's appeal on October 14, 2014, Dr. Crall

advised, "The KYDOC HCV protocol is being revised to reflect the significant changes in the

field. You will be evaluated by updated guidelines." (Petitioner's Health Care Grievance,

attached to Petition for Mandamus).

Petitioner's "Chronic Care-Periodic Exam_&_ Male Physical" was completed on

February 5, 2015. The Hepatitis C portion of that assessment found that Petitioner's clinical

status was stable, as indicated by "S", and that his ALT/AST will remain under control (Exhibit

3, Petitioner's Chronic Care-Periodic Exam_&_ Male Physical, 02/05/15, pages 3-4).

On May 5, 2015, the Petitioner discussed a liver biopsy with the medical provider at

KSP, and was advised, "we are still waiting for the updated guidelines regarding Hep C tx. The

2013 guidelines no longer apply." (Exhibit 4, Providers:  Hep C – 05/05/15 Assessment). [2]

Petitioner's HCV status is monitored by methods other than a liver biopsy.  The Federal Bureau

---

[2] Inmate medical care is provided by Correct Care Solutions' employees.  Correct Care Solutions, pursuant to a
contract with DOC, began providing medical care and treatment for inmates on March 1, 2014.  For several years
prior to that time, Correct Care Integrated, a contracted entity, provided most of the medical care and treatment for
DOC inmates.

of Prisons (FBOP) guidelines for HCV treatment no longer recommend the use of liver biopsies

for HCV patients, unless indicated (See Footnote 2, page 14). To date, treatment provided to

DOC inmates for HCV has shadowed the FBOP protocol, and, as of June 2014, FBOP has only

an "Interim Guidance for the Management of Chronic Hepatitis C Infection."[3]  Guidelines for

treatment involving the newest medications have not been released by the FBOP[4].

### 2.  General medical procedures for inmates living with HCV

Once an inmate receives the HCV diagnosis, the individual is monitored with blood tests; is

seen in the appropriate DOC Chronic Care Clinic;  receives periodic examinations; and, is seen

by medical staff by appointment.  The treatment provided depends on the patient's HCV status,

not on the patient's requests.  DOC guidelines closely approximate federal guidelines in

providing care and treatment for prisoners with HCV.  That treatment depends on a number of

factors, including but not limited to, the inmate's HCV genotype, general physical condition, any

co-morbid infections/ailments, i.e., HIV, and the amount of time left for the inmate to serve

before he is paroled or discharged[5].

### CONCLUSION

Petitioner did not receive treatment for his HCV under the former protocol because his

medical providers determined that he did not meet the criteria for treatment.  A newer, more

effective, easier to administer, shorter time frame for treatment medication, which has been

shown to cure Hepatitis C in some cases,  was approved in 2014 to treat HCV patients with

Petitioner's particular genotype, however, prisons, even on the federal level, have yet to develop

the treatment criteria.  Once the protocol is in place, Petitioner may meet the criteria for

treatment or he may not.  That determination is left to Petitioner's medical care providers rather

---

[3] http://www.bop.gov/resources/pdfs/hepatitis_c_current.pdf
[4] If finalized FBOP guidelines for HCV treatment said document was not made available to the undersigned.
[5] http://www.hcvguidelines.org/fullreport

3