UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| BRIAN WOODCOCK, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civ. No: 3:16-CV-00096-GFVT |
| ) | |
| V. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| CORRECT CARE SOLUTIONS, LLC, ) | **ORDER** |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiffs Ruben Rios Salinas, Brian Woodcock, Keath Bramblett, and Jessica Lawrence sued various individuals in charge of developing treatment plans and treating inmates in the Kentucky Department of Corrections. Plaintiffs assert that Defendants failed to adequately treat them after they were diagnosed with the Hepatitis C virus. Several Defendants now file a motion to dismiss, asserting many different theories relating to dismissal under Federal Rule of Civil Procedure 12(b)(6). [R. 38 at 3.] For the reasons that follow, Defendants' Motion to Dismiss is **DENIED**.

**I**

**A**

The Plaintiffs in this matter are inmates, incarcerated with the Kentucky Department of Corrections (KDOC). [R. 1-2 at ¶ 3.] Each of them have been diagnosed with the Hepatitis C virus (HCV). *Id.* Defendant James Erwin is the current Commissioner of the KDOC, responsible for its operations, policies, and employment. [R. 36 at ¶ 4.] The original Plaintiffs did not sue Mr. Erwin, but he was added to this lawsuit by Intervening Plaintiff Jessica

Lawrence. Defendants Rodney Ballard and LaDonna Thompson are former Commissioners of the KDOC. *Id*. at ¶ 5–6. Defendant Doug Crall, M.D., is the Medical Director of the KDOC, responsible for policies, procedures, and employment concerning the inmates' medical care. [R. 1-2 at ¶ 12.] Defendant Cookie Crews is the Health Services Administrator of the KDOC. *Id*. at ¶ 13. Defendant Frederick Kemen, M.D., is responsible for managing the HCV treatment plan for KDOC inmates. *Id*. at ¶ 14. Defendants Correct Care Solutions, Inc., provides medical services to inmates of the KDOC. *Id*. at ¶ 15. All Defendants were sued in their individual, not official, capacities.

Plaintiffs believe they were not provided treatment for their HCV infections that complied with the appropriate standard of care. *Id*. at ¶ 16. According to their complaint, Defendants did not employ qualified individuals, did not adequately train these employees, and did not create or enforce necessarily policies and procedures to ensure proper care. *Id*. Plaintiff Brian Woodcock is housed at the Kentucky State Penitentiary (KSP). *Id*. at ¶ 52. In December 2011, a biopsy indicated the fibrosis in his liver had advanced from Stage 1 to Stage 2. *Id*. Under Dr. Steven Shedlofshky's standards, he was first told he qualified for antiviral prescription medication. *Id*. But Dr. Shedlofsky then left KDOC, and KDOC found Mr. Woodcock did not qualify for medication. *Id*. Four years later, after his infection further progressed, he began receiving treatment. *Id*. at ¶53. Plaintiff Ruben Rios Salinas is also housed in KSP and has been denied testing and treatment of his HCV infection. *Id*. at ¶¶ 54–55. Plaintiff Keath Bramblett, another inmate at KSP, contracted HCV during incarceration. *Id*. at ¶ 56. He has been denied both participation in any program working with food and treatment for his condition. *Id*. at ¶¶ 56–57. Mr. Bramblett has been ordered to share razors with other inmates. *Id*. at ¶ 57. Intervening Plaintiff Jessica Lawrence has been diagnosed with HCV but has not received any

treatment. [R. 36 at 5.]

Plaintiffs sue Defendants on four separate theories. First, Plaintiffs sue Defendants under § 1983 for violations of the Eighth and Fourteenth Amendments to the United States Constitution. [R. 1-2 at ¶ 61.] Also, Plaintiffs claim Defendants violated the Americans with Disabilities Act and the Rehabilitation Act of 1978 for failure to reasonably accommodate their infections. *Id*. at ¶ 64. Based on the failure to meet the standard of care, Plaintiffs believe Defendants acted with negligence and gross negligence. *Id*. at ¶ 66. Finally, Plaintiffs sue for Intentional Infliction of Emotional Distress. *Id*. at ¶ 68. Intervening Plaintiff Lawrence joins in each of these claims except for Intentional Infliction of Emotional Distress. [R. 36 at ¶¶ 6–8.] They seek both injunctive relief for care and damages for lack of treatment. [R. 1-2 at 19; R. 36 at 9.]

B

This case began in 2015 in Franklin Circuit Court in Franklin County, Kentucky. [R. 38 at 1.] Mr. Salinas filed a Petition for Writ of Mandamus against then-Commissioner LaDonna Thompson, seeking the Court to order treatment for his HCV infection. *Id*. at 1–2. On November 14, 2016, Mr. Salinas filed an Amended Class Action Complaint, naming additional plaintiffs and defendants. *Id*. at 2. The case was removed to this Court on December 7, 2016. [R. 1.] On August 18, 2017, Ms. Lawrence moved to intervene, adding Mr. Erwin as an additional defendant. [R. 33.] Magistrate Judge Edward B. Atkins permitted intervention. [R. 35.] Nearly a month later, Mr. Ballard, Dr. Crall, Ms. Crews, Mr. Erwin, and Ms. Thompson filed a joint Motion to Dismiss. [R. 38.] The Court has construed this motion to be a motion to dismiss both the First Amended Class Action Complaint [R. 1-2] and the Intervening Complaint [R. 36].

## II

### A

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the Plaintiffs' complaint. In reviewing a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

### B

#### 1

Plaintiffs sue Defendants in their individual capacities only. [R. 1-2.] When Plaintiffs filed their complaint in Franklin Circuit Court, they attempted service in compliance with the Kentucky Rules of Civil Procedure, which allow service of the summons and complaint by registered mail or certified mail return receipt requested. CR 4.01(1)(a). Service is complete upon delivery of the envelope, and the return receipt serves as proof of place, time, and manner of service.

Plaintiffs sent a copy of the summons and complaint to the Defendants via certified mail, but addressed each of their envelopes to the KDOC, their work addresses, rather than their home

4

addresses. [R. 61-1; R. 61-2; R. 62-1.] Each of these return receipts were signed for, returned, and filed with the Court. *Id*. Upon removal of this Court, Mr. Ballard, Dr. Crall, Ms. Crews, and Ms. Thompson had entered appearances in Franklin Circuit Court. [R. 1 at 2.] After removal, they filed a joint Notice of Consent for Removal [R. 5] and a joint Notice of Compliance regarding disclosures [R. 32]. Mr. Erwin, however, has not entered any notice of appearance other than the filing of this motion.

Defendants move to dismiss initially based on improper service. Federal Rule of Civil Procedure 4(e)(2) requires a plaintiff to serve a defendant by delivering a copy of the summons and complaint to the individual personally, leaving a copy of the summons and complaint at the person's usual place of abode with someone of suitable age and discretion also residing there, or delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process. Plaintiffs may also serve a summons by following the state law requirements for such service of the state in which the district court is located. Fed. R. Civ. Pro. 4(e)(1). In Kentucky, service may be made by sending a copy of the summons and complaint via "registered mail or certified mail return receipt requested with instructions to the delivering postal employee to deliver to the addressee only." Ky. CR 4.01(1)(a).

Plaintiffs sent copies of the summons and complaint to each Defendant via certified mail return receipt requested. [R. 61-1; R. 61-2; R. 62-1.] However, upon review of the return receipts, it appears that the Defendants themselves did not sign the return receipts. *Id*. The Plaintiffs bear the burden to prove proper service of process. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). By failing to restrict delivery to the Defendants themselves, and further by failing to prove the person who signed the certified mail return receipts had authorization to accept service, service here was ineffective. CR 4.01(1)(a).

However, Plaintiffs have requested, and Defendants have not objected to, a reasonable period of time to effectuate proper service. [R. 61 at 2.] Where service is deemed ineffective, a court may either dismiss the action or quash service and retain the case. *Meyer v. Timothy E. Baxter & Assoc., P.C.*, No. 18-10058, 2018 WL 1858182; at *2 (E.D. Mich. April 18, 2018); *Young's Trading Co. v. Fancy Import, Inc.*, 222 F.R.D. 341, 342 (W.D. Tenn. 2004) (citing *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976)). The Court here finds that request reasonable. Plaintiffs shall have an additional thirty days from the entry of this order to effectuate proper service on Defendants Ballard, Thompson, Crews, Crall, and Erwin pursuant to Fed. R. Civ. Pro. 4(e).

## 2

Defendants suggest that the Court lacks standing to address this matter, however, fail to provide any reasons for this assertion. [R. 38 at 4–6.] Instead, Defendants cite two pages of case law related to standing without explanation of how it relates to the Plaintiffs. *Id*. Then, Defendants argue as a separate matter that Plaintiffs' claims are hypothetical and, therefore, not ripe. *Id*. at 6–7. Nonetheless, each of these statements concern this Court's power to hear this case and will be addressed individually.

Article III of the Constitution of the United States limits jurisdiction of this Court to "cases and controversies." *See also, Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). The "cases and controversies" standard requires plaintiffs to have an injury in fact, a causal connection between that injury and the conduct complained of, and a likelihood of redressability. *Id*. at 560–61. The injury in fact must be concrete and particularized as well as actual or imminent, not hypothetical or conjectural. Defendants point to two paragraphs of Plaintiffs' complaint to show their injuries are merely hypothetical: Paragraph 5 and Paragraph 51. [R. 38

at 6.] Paragraph 5 states:

> HCV, if left untreated, may progress toward end-stage liver disease and death. Major advances in treatment have recently been made with the introduction of medication regimens having increasingly higher success rates, fewer side effects, and much shorter treatment durations. The Kentucky Department of Corrections ("KDOC") is currently preparing a new HCV treatment plan ("the New Plan"). However, even if the New Plan meets the prevailing standard of care, future developments in treatment are likely to render it obsolete, ant it is anticipated that there will be inconsistencies, inaccuracies, and unwarranted deviations in its implementation, particularly given the expense of new treatment regimens. In addition, the New Plan is the first amendment to the KDOC's old HCV treatment plan ("the Old Plan") since 2007, and **many members of the class may have been harmed** by Defendants' failure to regularly and consistently update the plan to mirror the established standard of care. Finally, there may be issues concerning the reliability of the testing to which HCV-infected inmates are subjected, raising questions as to the integrity of and motivations underlying, such testing.

[R. 1-2 at 4, emphasis added.] Paragraph 51 states:

> Even though the Old Plan required compliance with the prevailing standard of care, and despite the advances in HCV treatment over the last decade, it has not yet been updated. The Old Plan made no mention of the triple therapy treatment that had been the standard of care since 2011. Without policy and procedure guidance, testing and treatment of HCV by the KDOC has been ad hoc, arbitrary and capricious, and responsive to cost and administrative convenience, not the medical needs of Plaintiffs and the class. Moreover, since around July 2014, other than the most serious cases of HCV in the KDOC's institutions, no one with HCV was treated pending developments in HCV treatment options. Defendant Kemen testified in August 2014 that the KDOC was in "the earlier stages of . . . revising or maybe replacing the [HCV] algorithm now." But the New Plan is still in development. Whether the New Plan meets the applicable standard of care is currently the subject of litigation in *Woodcock v. Kentucky Dept. of Corrections, et al.*,, Case No. 5:12-cv-135 (W.D. Ky.) Whether the New Plan will be followed and implemented in all deserving cases, together with the damages incurred from the delay in its implementation, is the subject of this case.

[R. 1-2 at 13–14]. While language in Paragraph 5 includes words indicating hypotheticals, Paragraph 51 does not. Paragraph 51 merely sets forth history of treatment and does not, by itself, allege any injury, hypothetical or otherwise.

Defendants argue the language in Paragraph 5, that "many members . . . may have been harmed," proves Plaintiffs' injuries are merely hypothetical. [R. 38 at 6.] This Court

7

disagreesChe.  The statement refers to the potential for additional class members, but does not show Plaintiffs' injuries are hypothetical.  Brian Woodcock claims the lack of care caused his infection to progress nearly to Stage 4 cirrhosis.  [R. 1-2 at ¶¶ 52–53.]  Ruben Rios Salinas claims he has been denied testing and treatment for his infection.  *Id*. at ¶¶ 54–55.  Keath Bramblett claims he contracted the infection while incarcerated.  *Id*. at ¶¶ 56–57.  Jessica Lawrence also claims she has been refused treatment for infection.  [R. 36 at 1.]  None of these are merely hypothetical injuries.  The Court finds standing to hear this matter.

### 3

Defendants next claim Plaintiffs fail to allege deliberate indifference in their complaint. [R. 38 at 7.]  In order to prove a violation of a prisoner's Eighth Amendment rights, a plaintiff must demonstrate that the prison doctors and/or prison officials were deliberately indifferent to the prisoner's medical needs.  *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018).  "Deliberate indifference" requires both that the injury be objectively serious and that the defendant subjectively knew of the risk but disregarded it.  *Id*. at 938–39.  "A prison official exhibits deliberate indifference and thus violates the Eighth Amendment by, inter alia, intentionally denying or delaying access to medical care for serious medical needs."  *Johnson v. Million*, 60 F. App'x 548, 549 (6th Cir. 2003)(citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)).

However, Defendants seek to dismiss the complaints because they did not disregard the Plaintiffs' medical issues.  [R. 38 at 8.]  This is not appropriate for consideration in a motion to dismiss.  Defendants might well be able to demonstrate that they did not disregard the risk after discovery has been completed, but at this stage, the Court must draw inferences in favor of the Plaintiff.  *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  Plaintiffs have alleged that they were diagnosed with HCV and qualified for treatment, as well as that the prison officials

8

and doctors were aware of this diagnosis, yet disregarded the risks and failed to provide treatment. [R. 1-2 at 14–15; R. 36 at 5.] If true, these facts present a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). Accordingly, Plaintiffs have alleged deliberate indifference sufficient to survive a motion to dismiss.

**4**

Defendants then argue that the complaint must be dismissed because there is no theory of *respondeat superior* in § 1983 cases. [R. 38 8–9.] However, Plaintiffs only sue Defendant CorrectCare Solutions, Inc., under this doctrine, not the Defendants who have moved to dismiss this action. [R. 1-2 at ¶ 15.] Because the Plaintiffs have not brought a *respondeat superior* claim against these Defendants, such a claim cannot be dismissed.

**5**

Under the Americans with Disabilities Act, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Medical care in prisons constitutes such "services, programs, or activities" contemplated. *United States v. Georgia*, 546 U.S. 151, 157 (2006).

Defendants do not contest that Plaintiffs qualify as "disabled" under the Americans with Disabilities Act. [R. 38 at 9.] In the motion to dismiss, Defendants believe Plaintiffs' complaint merely states a denial of medical treatment "in spite of a disability, not because of it." *Id*. This is contradictory, as Plaintiffs claim a denial of treatment and accommodations directly for their HCV. It is possible that deliberate refusal of Defendants to accommodate Plaintiffs' disability-

9

related needs violates Title II of the ADA. *Georgia*, 546 U.S. at 157. Accordingly, this claim also survives a motion to dismiss.

**6**

Defendants assert they are eligible for official qualified immunity.[1] [R. 38 at 10–11.] As an initial matter, Defendants state, "To date, these defendants are not parties to this lawsuit in their individual capacities." *Id*. at 11. This is untrue. Defendants were all sued in their individual capacities. [R. 1-2 at 2.] Defendants have recognized this by indicating their individual party status in previous filings with this Court [*See* R. 5], and by arguing they were improperly served as individual parties [R. 38 at 4]. To argue now that they have been sued in their official capacities is erroneous.

Even so, immunity exists to protect federal and state government officials from suit for actions taken in their official capacities. Absolute immunity is extended only to certain groups, such as legislators, when acting in their legislative functions, or judges, when acting in their judicial functions. *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). It is also offered to prosecutors, adjudicative executive officers, and the President of the United States, but not prison officials. *See id*. Qualified immunity is broader, and protects officials from personal liability when performing discretionary functions within their official capacity. *Maben v. Thelen*, 887 F.3d 252, 269 (6th Cir. 2018); *Messerschmidt v. Millender*, 565 U.S. 535, 546 (6th Cir. 2012).

Defendants are not entitled to absolute immunity, but may be entitled to qualified immunity, so long as their conduct did not clearly violate the rights of the Plaintiffs. *Messerschmidt*, 565 U.S. at 546. That determination must wait until after discovery. "The burden of justifying absolute immunity rests on the official asserting the claim." *Harlow*, 457

---

[1] Defendants split this into two arguments: "official immunity" and "qualified immunity." [R. 38 at 10–11.] The Court addresses them simultaneously here.

U.S. at 812. Defendants have not provided, and the Court cannot find, where the denial of medical treatment must always fall within the purviews of qualified immunity. Accordingly, Defendants have not met their burden to show such immunity applies here.

### 7

Defendants also move to dismiss for Plaintiffs. Failure to exhaust available administrative remedies prior to filing this action. [R. 38 at 11.] The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit under § 1983. *Lee v. Wiley*, 789 F.3d 673, 677 (6th Cir. 2015). However, Plaintiffs allege they exhausted such remedies. [R. 61 at 12.] Mr. Salinas outlined his grievance process in his filings in Franklin Circuit Court, and the Commonwealth of Kentucky corroborated this. [R. 1-5 at 187–88; R. 1-2 at 38–39.] Mr. Woodcock attached proof of his grievance to their Response to Defendants' motion to dismiss. [R. 61-8; R. 61-9; R. 61-10; R. 61-11.]

However, whether Plaintiffs satisfied their administrative requirements is not appropriate to decide here. Inferences are drawn in favor of the Plaintiffs, even if Defendants may later be able to prove, through further discovery, that the administrative remedies were not exhausted. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Plaintiffs' preliminary demonstration that they have satisfied these administrative remedies is enough for their complaints to survive a motion to dismiss.

### 8

Finally, the Defendants claim that Plaintiffs' Complaint does not meet the requirements under Federal Rule of Civil Procedure 23 for a class action lawsuit and that a class action lawsuit is not the only remedy available for redress. [R. 38 at 9, 13.] However, this is not the appropriate procedural method for such arguments, as a separate motion for certification was

filed on March 1, 2018, and is currently pending in this matter. [R. 49; R. 50.] The Court will decide the appropriateness of the class action once the pending motion is fully briefed and ripe for review.

### III

Most of the arguments made by Defendants are best determined after discovery has been completed. While Plaintiffs may ultimately fail on the merits, they have here filed a complaint sufficient to survive a motion to dismiss. Accordingly, for the aforementioned reasons, it is hereby **ORDERED** as follows:

1. The Motion to Dismiss filed by Defendants Rodney Ballard, LaDonna Thompson, Doug Crall, Cookie Crews, and James Erwin [**R. 38**] is **DENIED WITH PREJUDICE**; and

2. Plaintiffs **SHALL** effectuate proper service on Defendants Rodney Ballard, LaDonna Thompson, Doug Crall, Cookie Crews, and James Erwin within **thirty (30) days** of the entry of this Order, otherwise this matter may be dismissed without prejudice as to those defendants.

This the 23d day of May, 2018.

Gregory F. Van Tatenhove
United States District Judge