**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION – FRANKFORT
CASE NO. 3:16-CV-96-GFVT**

*ELECTRONICALLY FILED*

**BRIAN WOODCOCK, ET AL.**                                                **PLAINTIFFS**

**v.**        **DEFENDANTS' ANSWER TO
PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT**

**COMMONWEALTH OF KENTUCKY,
CORRECT CARE SOLUTIONS, LLC,
FREDERICK KEMEN, M.D., RODNEY BALLARD,
LADONNA THOMPSON, DOUG CRALL, M.D.,
COOKIE CREWS, JIM ERWINS, AND
DENISE BURKETT**                                                                **DEFENDANTS**

---

Come now Defendants, the Kentucky Department of Corrections, Rodney Ballard, Denise Burkett, Douglas Crall, M.D., Cookie Crews, James Erwin, and LaDonna Thompson, by counsel, and in response to the Plaintiffs' Third Amended Class Action Complaint, state as follows:

### A. RESPONSES TO INDIVIDUAL PARAGRAPHS

1. Defendants have insufficient knowledge to admit or deny the allegations in Paragraph One (1), therefore, deny those allegations.

2. Defendants have insufficient knowledge to admit or deny the allegations in Paragraph Two (2), therefore, deny those allegations.

3. In response to Paragraph Three (3), Defendants admit that the individuals named as plaintiffs in the above-styled case are inmates incarcerated in Kentucky Department of Corrections' institutions. Defendants deny that the plaintiffs' have been denied medical care or treatment.

4. Paragraph Four (4) is a statement regarding the plaintiffs' motives or intent; defendants are not required to respond to that statement. Defendants deny that the plaintiffs have suffered deliberate indifference to their serious medical needs.

5. In response to Paragraph Five (5), Defendant have insufficient knowledge to comment on plaintiffs' statements regarding the progression of HCV. Defendants have insufficient knowledge to admit or deny the remaining allegations in this paragraph, therefore, deny those allegations.

6. Defendants have insufficient knowledge to respond to the statement in Paragraph Six (6), therefore, deny that allegation.

7. In response to Paragraph Seven (7), Defendants deny that the plaintiffs' rights under state or federal law have been

violated.  Further, Defendants have insufficient knowledge to admit or deny the remaining allegations.

8. Defendants deny the allegations in Paragraph Eight (8).

9. Defendants admit only that portion of Paragraph Nine (9) alleging that the Kentucky Department of Corrections (KDOC) is an agency of the Commonwealth of Kentucky.

10. Defendants admit that Jim Erwin is currently the Commissioner of the Kentucky Department of Corrections, and deny the remaining allegations contained in Paragraph 10, therefore, deny the same.

11. Defendants admit that Rodney Ballard was the Kentucky Department of Corrections' Commissioner from ***March 2016 until May 2017***.  Otherwise, Defendants are without sufficient information to admit or deny the assertions of fact or law made in Paragraph 11, therefore, deny the same.

12. Defendants admit that LaDonna Thompson was the Kentucky Department of Corrections Commissioner and that she left that position in March 2016.  Otherwise, Defendants are without sufficient information to admit or deny the assertions of fact or law made in Paragraph 12, therefore, deny the same.

3

13. Defendants admit that Denise Burkett is the Clinical Director of the Kentucky Department of Corrections. Otherwise, Defendants are without sufficient information to admit or deny the assertions of fact or law made in Paragraph 13, therefore, deny the same.

14. Defendants admit that Doug Crall, M.D., served as the Kentucky Department of Corrections' Medical Director, and that Dr. Crall left that position in November 2014. Otherwise, this defendant is without sufficient information to admit or deny the assertions of fact or law made in Paragraph 14.

15. Defendants admit that Cookie Crews has served as the Health Services Administrator for the Kentucky Department of Corrections. Otherwise, the defendant denies the assertions of fact or law in Paragraph 15.

16. Defendants admit that Dr. Kemen has worked with inmates for several years; otherwise, Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 16, therefore, deny the same.

17. Defendants admit that Correct Care Solutions has been the medical contractor for the Kentucky Department of Corrections from March 1, 2014. Otherwise,

Defendants have insufficient knowledge to admit or deny the allegations of fact or law contained in Paragraph 17, therefore deny the same.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraphs 19-22. The defendants have not violated plaintiffs' rights and the plaintiffs have failed to meet the requirements for a class action.

20. Defendants deny the allegations contained in Paragraph 23.

21. Defendants deny the allegations in Paragraphs 24-26. The defendants have not violated plaintiffs' rights and the plaintiffs have failed to meet the requirements for a class action.

22. Paragraphs 27-54 do not contain allegations requiring a response from these defendants.

23. Defendants are without sufficient information to admit or deny any assertions of fact may be found in Paragraph 55, therefore, deny all assertions of liability or fault, and conclusions of law made in this Paragraph.

24. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 56, therefore, deny the same.

25. Defendants are without sufficient information to admit or deny the assertions of fact made in Paragraphs 57-64, therefore, deny all assertions of liability or fault, and conclusions of law made in these Paragraphs.

26. Paragraph 65 does not require a response from these defendants.

27. Defendants deny the allegations in Paragraphs 66-68.

28. Paragraph 69 does not require a response from these defendants.

29. Defendants are without sufficient information to admit or deny the assertions of fact made in Paragraph 70, therefore, denies all assertions of liability or fault, and conclusions of law made in this Paragraph.

30. Defendants deny the allegations in Paragraphs 71.

31. In response to Paragraph 72, Defendants incorporate the foregoing responses.

32. Defendants deny the allegations in Paragraph 73.

33. In response to Paragraph 74, Defendants incorporate the foregoing responses.

34. Defendants deny the allegations in Paragraph 75.

35. In response to Paragraph 76, Defendants incorporate the foregoing responses.

36. Defendants have insufficient knowledge regarding the motives of the plaintiffs; therefore, deny the allegations in Paragraph 77. Father, the Kentucky Department of Corrections has adopted the most recent FBOP guidelines.

37. In response to Paragraph 78, Defendants incorporate the foregoing responses.

38. Defendants deny the allegations in Paragraph 79.

39. These defendants deny any allegations that may be interpreted from the Plaintiffs' Third Amended Class Action Complaint that are not expressly admitted in this Answer.

## B. AFFIRMATIVE DEFENSES

### Defense I

The Plaintiffs' Third Amended Class Action Complaint fails to state a claim upon which relief may be granted against the defendants.

### Defense II

Defendants deny each and every allegation that states they have deprived the inmate plaintiffs of any constitutional right or infringed upon any state or federally protected rights. The Plaintiffs' Third Amended Class Action Complaint fails to allege sufficient personal involvement of Defendants to impose liability against the defendants in their individual capacity.

**Defense III**

The Defendants at all times acted reasonably and prudently in accordance with the existing state of art and/or custom in the industry or profession during the time periods thus barring recovery.

**Defense IV**

The Defendants cannot be held liable on the basis of respondeat superior or supervisory liability.

**Defense V**

Plaintiffs' claims are barred by the doctrines of absolute, sovereign, official, governmental, good faith and/or qualified immunities.

**Defense VI**

All or part of Plaintiffs' claims are barred by the doctrines of res judicata, collateral estoppel, and/or laches.

**Defense VII**

The Plaintiffs have failed to exhaust administrative remedies as required by the Prison Litigation Reform Act

**Defense VIII**

All or part of the Plaintiffs' Third Amended Class Action Complaint is barred by the statute of limitations.

**Defense IX**

The Defendants plead lack of jurisdiction over the Defendants as a complete bar to any recovery herein.

**Defense XI**

The Defendants deny any assertion of fact, liability or fault, and conclusions of law not specifically admitted herein.

.

**WHEREFORE**, the responding Defendants submit this Answer to the Plaintiffs Third Amended Class Action Complaint and respectfully request as follows:

A. Dismissal of the Complaint against them, with prejudice;

B. Reimbursement of all costs to the Kentucky Department of Corrections, the Justice and Public Safety Cabinet; and the Commonwealth of Kentucky for the time, resources and personnel to defend this action;

C. Any and all other relief to which the Defendants may appear entitled.

Respectfully submitted,

*/s/Linda M. Keeton*
LINDA M. KEETON
DEPARTMENT OF CORRECTIONS
Office of Legal Services
P.O. Box 2400
Frankfort, KY 40602-2400
Phone: (502) 782-2338
Fax: (502) 564-5037
E-Mail: lindam.keeton@ky.gov
COUNSEL FOR DEFENDANTS

## CERTIFICATION

I hereby certify that on January 29, 2019, this document was electronically filed with the Court through the CM/ECF system and that a copy of the foregoing will be electronically provided to the parties by the same system.

*/s/Linda M. Keeton*

10