UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| BRIAN WOODCOCK, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civ. No. 3:16-CV-00096-GFVT-EBA |
| | ) | |
| V. | ) | *Electronically filed* |
| | ) | |
| CORRECT CARE SOLUTIONS, LLC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

**DEFENDANT JAMES ERWIN'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Defendant James Erwin, in his individual capacity ("Erwin"), submits this Memorandum of Law in support of his Motion for Summary Judgment.

## PRELIMINARY STATEMENT

Erwin joins in and supports the Joint Motion for Summary Judgment filed by his co-defendants. [R. 168.] To the extent necessary, Erwin specifically adopts and incorporates herein the arguments made by his co-defendants in their Joint Motion [R. 168].[1] Erwin files separately to emphasize the total and unequivocal lack of proof to connect him to any actionable conduct.

---

[1] Erwin is moving for summary judgment on many of the same grounds as his co-defendants. Erwin has attempted to avoid repeating arguments, instead focusing on the claims as they relate to him. Erwin has not included in this Memorandum of Law an argument related to Plaintiffs' Woodcock and Bramblett failing to exhaust their administrative remedies. Again, Erwin joins in and supports all of his co-defendants' arguments, but out of caution, he specifically adopts and incorporates the exhaustion argument set forth in the Joint Motion for Summary Judgment without repeating those arguments here. [R. 168 at 23–28.]

## FACTUAL BACKGROUND

Erwin's co-defendants thoroughly explained the factual background related to this action, and Erwin adopts the Statement of Material Facts in their Joint Motion for Summary Judgment.   [R. 168 at 2–22.]   In addition, Erwin provides the following facts.

James Erwin was Commissioner of the Kentucky Department of Corrections ("KDOC") from May 8, 2018, through February 8, 2019.  (Decl. of James Erwin, ¶ 2, attached as Exhibit 1.)   Erwin previously served as KDOC Interim Commissioner and as a Deputy Commissioner of KDOC.  (Decl. of James Erwin, ¶ 3.)  Erwin is not a medical provider of any kind.   (Decl. of James Erwin, ¶ 4.)   Erwin has not provided medical treatment related to the Hepatitis C Virus ("HCV") to any person incarcerated by KDOC, including named Plaintiffs Brian Woodcock, Ruben Salinas, Keath Bramblett, and Jessica Lawrence.  (Decl. of James Erwin, ¶ 5.)  Moreover, Erwin had no role in the creation of the 2017 KDOC Hepatitis Management Plan [R. 168-6], 2018 KDOC Hepatis Management Plan [R. 168-7], or any other plan related to the treatment of HCV.  (Decl. of James Erwin, ¶¶ 6–8.)

## LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A defendant bears the initial burden of demonstrating the absence of genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A defendant "may meet this burden by demonstrating the absence of evidence

supporting one or more essential elements of [a] claim." *Francis v. Marshall*, 684 F. Supp. 2d 897, 905 (E.D. Ky. 2010).  Once the burden is met, a plaintiff must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e)(2). The facts must be viewed in the light most favorable to the nonmoving party.  *Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co., Inc.*, 598 F.3d 257, 264 (6th Cir. 2010).

## ARGUMENT

Plaintiffs allege that they receive inadequate medical care related to their HCV diagnosis.  As it relates to Erwin, Plaintiffs' claims fail for a simple reason: there is no proof—at all—that Erwin took any action that forms a valid basis for monetary relief.

## I.   The record lacks any evidence linking Erwin to any claim.

James Erwin is mentioned by name in Plaintiffs' Third Amended Complaint twice, all in a single paragraph.

> Jim Erwin is presently Commissioner of the KDOC and has ultimate responsibility for all operations of institutions within the KDOC, the promulgation, implementation and enforcement of all of the KDOC's policies, procedures, protocols, customs and practices, and the employment, training and supervision of employees of the KDOC.  Mr. Erwin is sued in his individual capacity for injunctive relief and damages.  He is sued in his official capacity for injunctive purposes only.

[R. 126 at ¶ 10.]

Erwin is mentioned in only one of the nine depositions to take place in this action, and that mention involves a job interview:

> Q.   Have you had personal contacts with the commissioners about any other medical issues in the prisons?
>
> A.   Well, I interviewed with – with Jim – Jim Irwin [sic] for the state medical director's job when Dr. Crall left.

(Dr. Frederick Kemen Dep., 20:25–21:5, Feb. 28, 2018 [R. 138-2].)

Erwin is not mentioned at all in the Plaintiffs' interrogatory responses. [*See generally* R. 168-14, 168-18, 168-20, 168-24.]

Finally, Erwin is not mentioned in either of the reports prepared by Plaintiffs' expert, Dr. Stacey Trooskin. [R. 68-1; R. 103-1.]

Erwin was sued merely because he previously served as Commissioner of the Department of Corrections. Plaintiffs can offer no evidence that links Erwin to actionable conduct under any of their claims. Accordingly, Erwin is entitled to summary judgment on all claims.

### A.   Plaintiffs cannot prove that Erwin acted with deliberate indifference as required by an Eighth Amendment claim.

To prevail on an Eighth Amendment inadequate medical treatment claim, an inmate "must offer some evidence that the *particular defendant* acted, or failed to act, with 'deliberate indifference to serious medical needs.'" *Hinkle v. Ky. Dep't of Corr.*, No. 3:09-cv-56-DCR, 2011 U.S. Dist. LEXIS 72081 at *8 (E.D. Ky. June 27, 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)) (emphasis added). Here, the record is not just devoid of any evidence that Erwin acted with deliberate indifference, it is devoid of any evidence related to Erwin at all.

### 1.   Erwin was not deliberately indifferent to medical needs.

A § 1983 plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Here, Plaintiffs allege that KDOC's treatment of inmates with HCV violates the Eighth Amendment.

A plaintiff making an Eighth Amendment claim related to medical treatment must demonstrate the defendant's "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To prove deliberate indifference, a plaintiff must show (1) an objectively substantial risk of serious harm, and (2) that the state actor was "subjectively aware of the risk." *Harbin v. City of Detroit*, 147 F. App'x 566, 570 (6th Cir. 2005).  Plaintiffs can do neither.

### a.   Erwin adopts his co-defendants objective risk arguments.

Regarding the objective component, Erwin adopts the arguments made by his co-defendants in their Joint Motion for Summary Judgment.  [R. 168 at 29–33.]  These arguments show that Plaintiffs received constitutionally adequate care.

### b.   There are no facts to show that Erwin was subjectively aware of a risk to Plaintiffs.

Regarding the subjective component, Plaintiffs must demonstrate a "sufficiently culpable state of mind" amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013). Stated differently, a plaintiff must prove that an official "subjectively perceived facts from which they may have

inferred substantial risk to the inmates, subjectively inferred that risk, but then disregarded the perceived risk, particularly by failing to attempt to abate the risk." [R. 162 at 20 (citing *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018).]  "[T]he subjective intentions of prison authorities must be demonstrated by objective manifestations of such intent, and cannot be proved by factually unsupported, conclusory opinions of the court or the prisoners or their representatives." *United States v. Michigan*, 940 F.2d 143, 154 n.7 (6th Cir. 1991); *see also Lawrence v. Madison Cnty.*, 176 F. Supp. 3d 650, 664 (E.D. Ky. 2016) (granting summary judgment to jail officials who were not shown to have subjectively perceived a strong risk that an inmate would commit suicide).  It is impossible for Plaintiffs to meet this heavy burden against Erwin because there are absolutely no facts in the record to demonstrate any actionable conduct or culpable state of mind by Erwin.

Erwin is not a medical provider.  (Decl. of James Erwin, ¶ 4.)  Erwin has never treated any person for HCV, including Plaintiffs Woodcock, Salinas, Bramblett, and Lawrence.  (Decl. of James Erwin, ¶ 5.)  And, Erwin had no role in the creation of any KDOC Hepatitis Management Plan.  (Decl. of James Erwin, ¶¶ 6–8.)

Officials with the North Carolina Department of Public Safety were granted summary judgment in a similar case involving a state prison system's treatment plan for HCV.  *Lewis v. N.C. Dep't of Pub. Safety*, No.1:15-cv-284-FDW, 2019 U.S. Dist. LEXIS 5586 at *54–55 (W.D.N.C. Jan. 11, 2019).  In *Lewis*, the plaintiff claimed that both his personal medical treatment and the state's overall HCV

treatment policy were constitutionally inadequate.  *Id.*  The individually named state defendants were granted summary judgment because they "were not personally involved in providing direct patient care and thus they could not have been deliberately indifferent" and they "had no involvement in the creation or implementation of NCDPS HCV Policy and therefore they cannot be deliberately indifferent with regards to that policy."  *Id.*  Erwin is likewise entitled to judgment for lack of personal involvement.

### 2.  Erwin cannot be held vicariously liable.

"The doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability onto supervisors."  *Scott v. Ky. Dep't of Corr.*, No. 08-cv-104-HRW, 2008 U.S. Dist. LEXIS 66518 at *7 (E.D. Ky. Aug. 29, 2008) (citing *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)).  Rather, a supervisor must engage in conduct that authorizes, approves, or knowingly acquiesces in the unconstitutional conduct of a subordinate.  *Id.* at *8 (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).  There is no proof in the record showing Erwin authorized, approved, or knowingly acquiesced in *any* conduct, much less unconstitutional conduct.

Plaintiffs have failed to elicit any facts that demonstrate Erwin "was personally involved in any complained-of action or had any part in [Plaintiffs'] medical care or encouraged any specific incidents or implicitly authorized, approved or knowingly acquiesced to any unconstitutional conduct."  *See Scott*, 2008 U.S. Dist. LEXIS 66518 at *9 (dismissing former Corrections Commissioner on similar

facts).   The best Plaintiffs have are their unsupported allegations in the Third Amended Complaint, which are insufficient.

Erwin is not a medical professional.   A non-medical prison official is generally "justified in believing that the prisoner is in capable hands" if the "prisoner is under the care of medical experts." *Smith v. Cty. Of Lenawee*, 505 F. App'x 526, 532 (6th Cir. 2012) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)).   "'[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.'" *Id.* (omission in original).   Therefore, Plaintiffs' Eighth Amendment claims against Erwin fail.

### 3.   Erwin is entitled to qualified immunity under federal law.

Again, the record lacks evidence that Erwin violated any constitutional right. If, however, the Court finds a genuine issue of material fact, Erwin is entitled to qualified immunity on the Plaintiffs' deliberate indifference claim.

"Under federal law, the qualified immunity doctrine 'protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Lawrence*, 176 F. Supp. 3d at 660 (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).   Neither of the two prongs required to overcome immunity—violation of a constitutional right and that the right was clearly established—is met here.

The Joint Motion for Summary Judgment [R. 168] demonstrates how the Plaintiffs' right to medical treatment has been met adequately, and Erwin stands on that briefing to establish that Plaintiffs' constitutional rights have not been violated. Erwin also reiterates that he has not taken any action to violate Plaintiffs' rights, and he is not vicariously responsible as the former KDOC Commissioner. *See Hamilton v. Pike Cnty.*, No. 7:11-cv-99-ART, 2013 U.S. Dist. LEXIS 18317 at *17 (E.D. Ky. Feb. 11, 2013) (holding jailer was entitled to qualified immunity in Eighth Amendment medical treatment case "because the plaintiff has failed to point to facts demonstrating that [the jailer] violated his constitutional rights").

But the Court must also apply qualified immunity because while an inmate's right to medical treatment is clearly established, the contours of HCV treatment are not clearly established in a way known to a reasonable person. Rather, such treatment has evolved rapidly. A Magistrate Judge in the U.S. District Court for the Western District of Michigan may have said it best.

> *In this rapidly-evolving area of treatment of hepatitis C, I find no clearly established precedent regarding how large a State's treatment program must be, how many prison facilities must be involved, and how quickly after the FDA approves a new form of treatment it must be implemented in the prison setting.* Plaintiff did not carry his burden of demonstrating that existing precedent placed the constitutional question beyond debate at the time each defendant acted. Accordingly, I find that defendants Heyns and Washington are entitled to qualified immunity.[2]

---

[2] Defendants "Heyns" and "Washington" were the former and current directors of the Michigan Department of Corrections. In other words, they were Erwin's equivalent under Michigan law.

*Stevens v. Hutchinson*, No. 1:13-cv-918, 2017 U.S. Dist. LEXIS 222382 at *34–35 (W.D. Mich. Dec. 6, 2017) (emphasis added).   Erwin is entitled to qualified immunity.

### B.   Plaintiffs cannot prove that Erwin, a non-medical prison official, acted negligently toward them.

Count 3 of the Third Amended Complaint seeks a judgment that "*all* Defendants were negligent and grossly negligent in their *treatment* of Plaintiffs and the class; in addition, the medical professionals responsible for the care of Plaintiffs and the class failed to meet the standard of care applicable to their professions in their treatment of Plaintiffs and the class."   [R. 126 at ¶ 73 (emphasis added).] Plaintiffs' claim sounds of one for medical negligence.   Plaintiffs cannot pursue this claim against Erwin because he is not a medical provider, they have failed to show causation or injury, and they failed to exhaust their administrative remedies.

### 1.   Plaintiffs' negligence claims fail on the merits because they cannot establish a prima facie case.

A plaintiff pursuing a medical negligence claim "'must introduce evidence, in the form of expert testimony, demonstrating (1) the standard of care recognized by the medical community as applicable to the particular defendant, (2) that the defendant departed from that standard, and (3) that the defendant's departure was a proximate cause of the plaintiff's injuries.'"   *Houghton v. United States*, No. 6:15-cv-90-DCR-HAI, 2016 U.S. Dist. LEXIS 128921 at *31–32 (E.D. Ky. Aug. 9, 2016) (quoting *Heavrin v. Jones*, No. 2002-CA-16, 2003 Ky. App. Unpub. LEXIS 916 (Ky. Ct. App. July 18, 2003)).

Plaintiffs' claims fail because Erwin did not provide them with medical care. (Decl. of James Erwin, ¶ 5.)  Plaintiffs' claims also fail because Erwin's actions are not the proximate cause of an injury.  Plaintiffs have no evidence that Erwin took any action related to their treatment, much less action that departed from a standard of care.[3]  Regardless, and even assuming a departure from the standard of care, Plaintiffs have put forth no expert evidence to show causation or injury as required by Kentucky law.[4]  *See Andrew v. Begley*, 203 S.W.3d 165, 170 (Ky. Ct. App. 2006) (requiring expert proof showing that a departure from the standard of care caused an injury).  Therefore, Plaintiffs' claims against Erwin for negligence and gross negligence fail for lack of proof.

## 2.  Alternatively, Erwin is entitled to qualified official immunity under Kentucky law.

Again, Erwin had no role in Plaintiffs' treatment for HCV.  Therefore, the negligence claim against him should be dismissed and there is no need to analyze immunity.  If, however, the Court considers the negligence claim further, Erwin is entitled to qualified official immunity under Kentucky law.

A defendant sued in his or her individual capacity is entitled to qualified official immunity for discretionary acts performed in good faith with the scope of his or her authority.  *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001).  Plaintiffs have

---

[3] The co-defendants' Joint Motion for Summary Judgment explains how the HCV standard of care has been met in this matter.  [*See, e.g.*, R. 168 at 29-40.]  Thus, to the extent the Court considers Plaintiffs' negligence claims, Erwin joins in and adopts the arguments explaining how the standard of care has been met.

[4] Erwin is contemporaneously filing a motion in limine to prohibit Plaintiffs' expert from testifying as to the medical condition of any individual Plaintiff.  Plaintiffs' expert, Dr. Trooskin, was not disclosed for such purpose and has provided no opinions related to individual Plaintiffs.

not claimed that Erwin failed to perform a duty required by law. Rather, Plaintiffs do not like the KDOC Hepatitis Management Plan. Erwin had no role in the creation of any KDOC Hepatitis Management Plan. (Decl. of James Erwin, ¶¶ 6–8.)

If Plaintiffs attempt to hold Erwin vicariously liable, the contents of the KDOC Hepatitis Management Plan are discretionary and Erwin would be entitled to rely upon the judgment of medical experts. *Smith*, 505 F. App'x at 532. Therefore, to the extent Plaintiffs attempt to make any negligence claim against Erwin, they fail because Erwin is entitled to qualified official immunity.

### 3. Plaintiffs' failed to exhaust their administrative remedies before the Kentucky Board of Claims.

Plaintiffs did not pursue relief on their negligence claims before the Kentucky Board of Claims, now known as the Kentucky Claims Commission, as required by the Prison Litigation Reform Act ("PLRA").[5] "Under 42 U.S.C. § 1997e(a), a prisoner is required to exhaust all available administrative remedies prior to instituting an action under § 1983 or any other federal law." *Jones v. Pancake*, No. 3:06-cv-P188-H, 2006 U.S. Dist. LEXIS 90808 at *7 (W.D. Ky. Dec. 14, 2006). The relevant language of the PLRA provides: "No action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The term "prison conditions"

[5] Governor Bevin created the Kentucky Claims Commission by Executive Order 2016-576 on August 9, 2016. The Executive Order consolidated the functions of the former Board of Claims, Crime Victims Compensation Board, and Kentucky Board of Tax Appeals in the Kentucky Claims Commission. The Kentucky General Assembly ratified the Executive Order in 2017. *See* 2017 Ky. Acts. ch. 74. Unless the context demonstrates otherwise, references herein to the "Kentucky Claims Commission" includes its predecessor, the Board of Claims.

must be given a broad interpretation, and it includes medical care.  *See Webb v. Ky. Dep't of Corr.*, No. 06-cv-234-JMH, 2006 U.S. Dist. LEXIS 88356 at *5 (E.D. Ky. Dec. 6, 2006) (citing *Porter v. Nussle*, 534 U.S. 516 (2002)).  The remedy for failing to exhaust a claim is dismissal of that claim.  *Jones v. Bock*, 549 U.S. 199, 223–24 (2007).

The Kentucky Claims Commission has exclusive jurisdiction to "investigate, hear proof, and compensate persons for damages sustained to either person or property as a proximate result of negligence on the part of the Commonwealth, any of its cabinets, departments, bureaus, or agencies, or any of its officers, agents, or employees while acting within the scope of their employment by the Commonwealth."  KRS 49.020(1); KRS 49.040(1).  A plaintiff's labeling of a claim as "individual" versus "official" capacity is not determinative of the Kentucky Claims Commission's jurisdiction.  *See Commonwealth Bd. of Claims v. Harris*, 59 S.W.3d 896, 898 (Ky. 2001) ("The individual capacity claims may or may not implicate Board of Claims' jurisdiction.").  Rather, the Kentucky Claims Commission has jurisdiction over any claim where a defendant would otherwise have immunity.

As explained above, the negligence claims against Erwin fail in their entirety on the merits.  But even if they did not, Erwin—and other individual capacity Defendants—are entitled to immunity.  A plaintiff must bring negligence claims against the Commonwealth and its immune officials in the Kentucky Claims Commission, even where other constitutional claims are made.  *See Draper-El v. Commonwealth*, No. 2009-CA-000703-MR, 2010 Ky. App. Unpub. LEXIS 690 at *5

13

(Ky. Ct. App. Sept. 3, 2010).  This legal truth is set forth in Kentucky Corrections Policy Number 14.5, which is attached as Exhibit 2.  Plaintiffs failed to follow this procedure.  Accordingly, their negligence claims should be dismissed for failure to exhaust administrative remedies.

### C.   Plaintiffs cannot recover on their intentional infliction of emotional distress / outrage claim.

Count 4 of the Third Amended Complaint seeks monetary damages for intentional infliction of emotional distress, or outrage.  [R. 126 at ¶ 75.]  The elements of such a claim under Kentucky law are as follows: "The wrongdoer's conduct must be intentional or reckless; the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; there must be a causal connection between the wrongdoer's conduct and the emotional distress and the distress suffered must be severe."  *Osborne v. Payne*, 31 S.W.3d 911, 913–14 (Ky. 2000).

The tort of outrage is a "gap-filler," *see Rigazzio v. Archdiocese of Louisville*, 853 S.W.2d 295, 298–99 (Ky. Ct. App. 1993), that is not available when other claims may apply, *Bennett v. Malcomb*, 320 S.W.3d 136, 137 (Ky. Ct. App. 2010).  "Where, as here, '[t]he constitutional tort of deliberate indifference and the tort of negligence are available to the plaintiffs in order to recover for [] emotional distress,' *Shouse v. Daviess County*, No. 4:06-cv-144-M, 2009 U.S. Dist. LEXIS 12935, 2009 WL 424978, at *9 (W.D. Ky. Feb. 19, 2009), an IIED claim is not available and must be dismissed.'"  *Bailey v. Aramark Corp.*, No. 5:16-cv-343-JMH-REW, 2018 U.S. Dist. LEXIS 95236 at *12 (E.D. Ky. May 7, 2018).

For example, the Sixth Circuit affirmed summary judgment on an outrage claim to a prison doctor who allegedly failed to order a colonoscopy and then lied about it. *See Runkle v. Fleming*, 558 F. App'x 628, 634 (6th Cir. 2014) (holding that while plaintiff "undoubtedly suffered emotional distress," he could not show a link between the distress and the lie). Likewise, there is no proof that Erwin took any action to cause severe emotional distress to Plaintiffs, much less that the sole reason for taking such action was to cause severe emotional distress. Therefore, Plaintiffs outrage claim fails.

## II.   Erwin is not a proper defendant for certain claims.

### A.   The Rehabilitation Act and Americans with Disabilities Act do not apply to individual capacity defendants.

A plaintiff may not recover against individual capacity defendants under the Rehabilitation Act ("RA") or the Americans with Disabilities Act ("ADA") "because neither the ADA nor the RA impose liability upon individuals." *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004). "[O]nly a 'public entity' may be sued under the ADA and RA. The term 'public entity' includes 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" *Lewis v. Selby*, No. 5:18-cv-526-KKC, 2019 U.S. Dist. LEXIS 1007 at *11–12 (E.D. Ky. Jan. 3, 2019). Under settled law, Erwin is not susceptible to an individual capacity lawsuit under the RA or ADA.

**B.    Erwin cannot provide injunctive relief because he is no longer a state employee.**

Plaintiffs' Third Amended Complaint states that Erwin is sued "in his individual capacity for injunctive relief and damages." [R. 126 at ¶ 10.] A plaintiff cannot sue a government-employee defendant in his or her individual capacity for injunctive relief if the relief sought relates only to the official's job. *Cmty. Mental Health Servs. v. Mental Health & Recovery Bd. Serving Belmont, Harrison & Monroe Cntys.*, 150 F. App'x. 389, 401 (6th Cir. 2005).

The Third Amended Complaint requests injunctive relief to require Defendants to "meet the standard of care in the diagnosis and treatment of HCV-infected inmates, or, at a minimum, adopt *in toto* and comply with the FBOP Guidelines." [R. 126 at ¶ 79.] Erwin is unable to provide this relief, both because he is no longer a state employee and he is not a medical provider. Therefore, he is not a proper defendant for an injunctive relief claim. *See Peterson v. Dean*, No. 3:09-cv-628, 2012 U.S. Dist. LEXIS 28563 at *9 (M.D. Tenn. Mar. 5, 2012) (holding individual capacity defendants were not subject to injunctive claims because they had no authority to provide relief).

## III.    Erwin is entitled to summary judgment on Plaintiffs' damages claims.

An award of damages requires a causal link between the defendant's actions and the compensable injury. *See, e.g.*, *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 309 (1986) ("[W]hatever the constitutional basis for § 1983 liability, such damages must always be designed 'to *compensate injuries* caused by the

[constitutional] deprivation.'" (quoting *Carey v. Piphus*, 435 U.S. 247, 265 (1978)
(emphasis and alteration in original))).  Again, that link fails as to Erwin.  There is
no proof in the record that Erwin caused an injury of any kind.

### A. Plaintiffs have not established certain compensatory damages with expert proof.

Plaintiffs' Third Amended Complaint seeks compensatory damages for "their
lost power to labor and earn money" and "any future medical and medication
expenses they must bear as a result of Defendants' misconduct."  [R. 168 at ¶ 79.]
Plaintiffs also allege a decreased life expectancy.  These claims fail for lack of expert
proof.

Plaintiffs' only disclosed expert, Dr. Stacey Trooskin, was clear in her
deposition that her opinions "are all reflected in my report."  (Dr. Stacey Trooskin
Dep. 82:13–18, Nov. 16, 2018 [R. 168-3].)  Dr. Trooskin's report mentions only one
specific Plaintiff, Keath Bramblett.  [R. 68-1 at 12.]  The Bramblett reference is only
to reviewing a spreadsheet regarding Bramblett for certain treatment dates.  [*Id.*]
Dr. Trooskin's report does not state that any specific Plaintiff has a decreased life
expectancy or debilitating injury.  Nor could it because Dr. Trooskin did not
examine any Plaintiff or any Plaintiffs' complete medical records.  Therefore, as
explained below, Erwin is entitled to judgment on certain damages claims for lack
of expert proof.

Plaintiffs' claims for "their lost power to labor and earn money" are
essentially claims for permanent impairment of earning power.  Proof of permanent
injury "is required to submit a question of permanent impairment of earning power

17

to the jury." *Reece v. Nationwide Mut. Ins. Co.*, 217 S.W.3d 226, 230 (Ky. 2007). As this Court has held, such proof must be in the form of "admissible expert testimony regarding the permanence of [Plaintiffs'] injuries." *Napier v. Cincinnati Ins. Co.*, No. 6:14-cv-171-GFVT, 2015 U.S. Dist. LEXIS 145185 at *10–11 (E.D. Ky. Oct. 27, 2015). Plaintiffs have not submitted any such expert proof despite their knowledge of the requirement. For example, Plaintiff Salinas wrote in his initial disclosures that "Plaintiffs' future medical expenses and any diminution in their power to labor and earn money will likely be made the subject of expert testimony." (*See* Ruben Salinas Initial Disclosures at 2–3, attached as Exhibit 3.) Likewise, Plaintiff Jessica Lawrence acknowledged in her interrogatory answers that such a claim "calls for legal and medical expert opinion." [*See* R. 168-24 at 5.] Erwin is entitled to summary judgment on Plaintiffs' claim for "their lost power to labor and earn money" due to lack of expert proof.

Likewise, future medical expenses must be proven by expert testimony. *Sanderson v. Wal-Mart Stores E., L.P.*, No. 5:17-cv-148, 2018 U.S. Dist. LEXIS 165935 at *3–4 (W.D. Ky. Sept. 27, 2018). Plaintiffs admit as much in their discovery responses, stating that the amount "will have to be made the subject of expert testimony." [R. 168-14 at 4 (Woodcock); R. 168-18 at 4 (Bramblett); R. 168-20 at 4 (Salinas); *see also* Salinas Initial Disclosures, Ex. 3.] Yet, Plaintiffs have not produced any expert opinion as to the amount of future medical expenses. Therefore, Erwin is entitled to judgment as to this item of damages.

Damages for a "decreased life span" are no different. Three of the Plaintiffs—Woodcock, Bramblett, and Salinas—request damages "not to exceed $1 million" for a purportedly decreased life span. [R. 168-14 at 4 (Woodcock); R. 168-18 at 4 (Bramblett); R. 168-20 at 4 (Salinas).] Any such damages require expert proof that Plaintiffs were, in fact, facing a decreased life span caused by Defendants. *Cone v. Hankook Tire Co.*, No. 1:14-cv-1122, 2017 U.S. Dist. LEXIS 10064 at *8 (W.D. Tenn. Jan. 25, 2017). That proof is absent here.

The Court should therefore enter judgment in Erwin's favor on Plaintiffs' claims for their alleged lost power to labor and earn money, future medical expenses, and decreased life expectancy.[6]

## B.   Erwin is entitled to judgment on Plaintiffs' punitive damages claims.

Plaintiffs' claims for punitive damages must fail. As discussed above, Erwin is entitled to summary judgment on all of Plaintiffs' substantive claims that would make punitive damages available. But punitive damages are inappropriate against Erwin even if claims against him proceed.

"The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from other similar behavior." *Memphis Cmty. Sch. Dist.*, 477 U.S. at 306 n. 9. Punitive damages are available in a § 1983 claim upon proof that a defendant's conduct was "'motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of

---

[6] Contemporaneous with this motion, Defendants are submitting a motion in limine to preclude Plaintiffs from presenting any evidence related to these damages claims. Erwin believes he is entitled to summary judgment on all claims. If judgment is not granted, Erwin requests the Court in the motion in limine to preclude Plaintiffs from recovering any such damages at a trial.

others.'" *King v. Zamiara*, 788 F.3d 207, 216 (6th Cir. 2015) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).  That showing is lacking against Erwin.  Erwin had no role in creating any KDOC Hepatitis Management Plan and he did not provide medical treatment to Plaintiffs.  (Decl. of James Erwin, ¶¶ 5–8.)  And, Plaintiffs have no proof regarding any of Erwin's actions, much less motives.  Therefore, Erwin is entitled to summary judgment on the punitive damages claim.  *See Lawrence*, 176 F. Supp. 3d at 684 (granting judgment to jail officials where the record did not suggest they were aware of or recklessly disregarded a "strong risk" that an inmate would commit suicide).

Moreover, Erwin is no longer employed by KDOC, so the record lacks any evidence that a punitive damages award would have a deterrent effect against him.  *See Royal v. Kautzky*, 375 F.3d 720, 725 (8th Cir. 2004) (holding that the deterrent purpose of punitive damages did not exist when an individual defendant had already retired), *cited in King*, 788 F.3d at 217.

Finally, punitive damages are improper and their purposes not served when the allegations relate to medical treatment that has experienced significant change in a short period of time.  Dr. Trooskin, Plaintiffs' expert, agrees that treatment options for those affected by HCV have undergone significant changes in a short period of time.  (Trooskin Dep. 44:5–47:17 [R. 168-3].)  *See also Stevens,* 2017 U.S. Dist. LEXIS 222382 at *34–35 (noting the rapidly evolving nature of HCV treatment).  Punitive damages are not appropriate here.

## **CONCLUSION**

Plaintiffs have no evidence that links Erwin to any actionable conduct.  Even if they did, he would be entitled to immunity.  Moreover, Plaintiffs have failed to prove damages or exhaust administrative remedies.  Erwin is entitled to summary judgment.

Respectfully submitted,

/s/ Megan Kinsolving
Barry L. Dunn (KBA # 93787)
Dunn Law PLLC
2527 Nelson Miller Parkway, Suite 105
Louisville, Kentucky 40223
barry@dunnlawky.com
Telephone: (502) 234-2640

*-and-*

Megan Kinsolving (KBA # 94387)
Kinsolving Law PLLC
832 Wellington Way
Lexington, Kentucky 40503
megan@kinsolvinglaw.com
Telephone: (502) 648-8208

*Counsel for Defendant,*
*James Erwin, in his*
*individual capacity*

## CERTIFICATE OF SERVICE

I certify that on August 20, 2019, I filed the foregoing Memorandum of Law in Support of Motion for Summary Judgment with the Court's CM/ECF system, which will provide electronic service to all counsel of record.

/s/ Megan Kinsolving
Counsel for Defendant,
James Erwin, in his
individual capacity